EX PARTE VICTOR DE LA PENA.

No. 25,984. October 15, 1952.

Calamia and Chew, by Joseph A. Calamia, El Paso, for relator.

George P. Blackburn, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Relator was charged by complaint in the corporation court of the city of El Paso alleging that he "did then and there unlawfully at or near the intersection of Campbell Street and San Antonio Street in the City of El Paso, Texas, upon a street within said city, drive an automobile without due caution and circumspection, and at a speed and in a manner so as to endanger persons and property."

Upon trial in that court he was convicted for such offense, alleged to have been committed on April 27, 1952, and his punishment assessed at a fine of $10. From that conviction, appeal was given to the El Paso County Court at Law, where he was again convicted and his punishment assessed at a fine of $10.

The penalty precluded an appeal to this court. (Art. 53, C. C. P.)

Relator has been arrested by the sheriff of El Paso County under a capias pro fine issued upon that judgment.

By application for the writ of habeas corpus direct to this court, relator contends, as he did in the trial courts, that there exists no valid statute denouncing as an offense the acts for which he was convicted and that the judgment of conviction is void and his imprisonment thereunder unauthorized.

Upon the facts stated we granted the writ of habeas corpus, and directed that relator be released from custody, upon bail, pending final determination.

It will be noted that the unlawful acts charged against relator are that he did drive an automobile (a) without "due caution and circumspection" and, (b) "at a speed and in a manner so as to endanger persons and property." Such complaint was drawn and the conviction had, under Sec. 51 of Article V., Chap. 421, Acts of the Regular Session of the 50th Legislature, in 1947, known as the Uniform Act Regulating Traffic on Highways, and appearing as Art. 6701d, Vernon's Revised Civil Statutes. Said Sec. 51 reads as follows:

"Every person who drives any vehicle in wilful or wanton disregard of the rights or safety of others or without due caution or circumspection, and at a speed or in a manner so as to

endanger or be likely to endanger a person or property shall be guilty of reckless driving."

In Ex parte Chernosky, 153 Tex. Cr. R. 52, 217 S. W. 2d 673, this court held that statute to be unconstitutional and void, because it is vague, indefinite, and uncertain. We remain convinced of the correctness of the conclusion there expressed.

Since the decision in the Chernosky case, the legislature of this state, in 1951, enacted Chap. 346, Acts of the Regular Session of the 52nd Legislature, wherein Sec. 8 of Art. 827a, Vernon's Penal Code, regulating traffic on the public highways, was re-enacted and amended. Said Sec. 8 of Art. 827a, Vernon's P. C., appears to be the latest expression by the legislature of this state touching the regulation of traffic upon the public highways, and supersedes, if it does not repeal, said Sec. 51 of Art. 6701d, R. C. S.

It is apparent, therefore, that there now exists no valid statute denouncing as an offense the acts for which relator has been convicted.

Relator is ordered discharged from further custody or restraint under the judgment mentioned.

Opinion approved by the court.