### ELROY WHITE JR. v. STATE

No. 28,822. January 23, 1957.
State's Motion for Rehearing Overruled
February 27, 1957.

*James E. Faulkner*, Coldspring, for appellant.

*Robert F. Atkins*, County Attorney, Coldspring, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted upon an information alleging that he "did then and there unlawfully operate a motor vehicle upon a public highway, to wit, United States Highway No. 190, in a reckless manner." The punishment was assessed at a fine of $25.

It appears that the state attempted to here charge an offense under Sec. 51 of Art. 6701d, Vernon's Ann. Civ. Stat.

In Ex parte De La Pena, 157 Texas Cr. Rep. 560, 251 S.W. 2d 890, we said: "Said Sec. 8 of Art. 827a, Vernon's Ann. P.C., appears to be the latest expression by the legislature of this state touching the regulation of traffic upon the public highways, and supersedes, if it does not repeal, said Sec. 51 of Art. 6701d, R.C.S."

The state's pleading herein does not charge an offense under the provisions of Art. 827a, Vernon's Ann. P.C., nor does it charge an offense under Sec. 51 of Art. 6701d, Vernon's Ann. Civ. Stat.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

The state calls attention to the finding in the judgment that appellant is sixteen years of age, and says that the prosecution is under Art. 802d V.A.P.C.

The charging part of the information is quoted in the original opinion and is deemed insufficient to charge an offense under Art. 802d V.A.P.C.

The state's motion for rehearing is overruled.