**Sidney David MACKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38772.**

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Rehearing Denied March 9, 1966.

Second Motion for Rehearing Denied April 13, 1966.

---

Charles W. Tessmer, Frank S. Wright, Emmett Colvin, Jr., Dallas, for appellant.

Doug Crouch, Dist. Atty., John H. Chambers, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is negligent homicide in the second degree; the punishment, a fine of $750.

The count of the information under which the case was submitted to the jury alleged that the defendant did unlawfully "commit a negligent homicide upon the person of Kay Gordon, in that he, the said Sidney David Mackey, while engaged in the unlawful act of driving and operating a motor vehicle in a race and contest for speed with another motor vehicle upon a public highway did then and there negligently cause said vehicle to collide and crash into a motor vehicle in which Kay Gordon was an occupant, said collision caused injuries to the body of Kay Gordon from which injuries Kay Gordon died. The death of Kay Gordon was the consequence of said unlawful act. The said unlawful act was an act of negligence and there was then and there an apparent danger of killing Kay Gordon and other persons upon said highway."

The facts are thus stated in the State's brief: "The facts briefly stated are that on Tuesday, June 4, 1963, the defendant was with a group of people at Lake Arlington. He left Lake Arlington driving a bronze colored late model Chevrolet automobile. At the same time he left, another car, driven by Robert Morris Allen, also left the parking lot at the lake. These cars were observed to be traveling close together at a high rate of speed by witnesses, stationed at different points along the route which they traveled. Some distance from the point of departure at Lake Arlington, the defendant tried to pass another car which was traveling in the same direction and at a slower rate of speed. The defendant changed his mind about passing and braked his car. At this point, the car driven by Robert Morris Allen hit the car driven by the defendant causing it to slam into the left rear of the car which the defendant had started to pass. This third car was knocked off the road and caused to turn upside down. The car driven by Allen after the impact with the rear of the car driven by the defendant careened off to the left and collided head-on with an approaching car in the left lane. The car driven by defendant skidded around about 180 degrees and came to rest some

distance down the road and facing in the opposite direction. Mrs. Tommy Zane Gordon was an occupant of the car coming from the opposite direction which collided with the car driven by Robert Morris Allen and she was admitted to St. Joseph's Hospital, Fort Worth, Texas, on the afternoon of the 4th of June, 1963. She died the following day, and her death was attributed to the injuries that she received in the above described collision."

The sufficiency of the evidence to sustain the conviction is not questioned. The ground relied upon for reversal is that the trial court erred in overruling appellant's motion to quash the information.

The contention in this regard is that under the allegations of the information appellant was not adequately apprised of the offense with which he was charged to thereby enable him to prepare his defense, in violation of his constitutional rights.

Appellant contends that Art. 795 P.C. is unconstitutional for vagueness and uncertainty. It provides:

"No race or contest for speed between motor vehicles of any kind shall be held upon any public highway. Any person violating this article shall be fined not exceeding one hundred dollars."

We are cited to no authority and know of none which sustains either of appellant's claims for reversal.

We find the allegations of the information sufficient to charge the offense of negligent homicide while engaged in the violation of Art. 795 P.C., and the evidence sufficient to sustain the conviction.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

It is strenuously urged that the evidence is not sufficient to support the conviction on the ground that at the time of the accident the appellant was not engaged in an illegal act as charged.

From a re-examination of the evidence in the light of appellant's contention, it is concluded that the evidence is sufficient to support the finding of the jury that the appellant is guilty of the offense alleged in the information.

The motion is overruled.

Opinion approved by the Court.