**Tony Dieter GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46783.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

David Alexander, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted in the county court of the offense of reckless driving, under Art. 6701d, Sec. 51, Vernon's Ann. Civ.St.; he was assessed a fine of $100.

The only error claimed relates to the constitutionality of the statute under which he was convicted. The statute reads:

"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

It is appellant's contention that the statute is so vague, indefinite and uncertain that it is rendered void. This Court, in Ex Parte Chernosky, 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949), held void a reckless driving statute because of the inclusion of the phrase, ". . . without due caution or circumspection . . . ." This Court concluded that this phrase rendered the statute unconstitutionally vague. See also Ex Parte De La Pena, 157 Tex.Cr.R. 560, 251 S.W.2d 890, 891 (1952). The phrase does not occur in the present statute, quoted above, which became effective in 1971.

The language of the present statute is almost identical to that of the Illinois statute on reckless driving. See Illinois Laws, S.H.A., ch. 95½, Sec. 11—503. The only difference is a matter of one word, in that Illinois requires that one drive "with" willful and wanton disregard, rather than "in" willful and wanton disregard as does our statute. The Illinois courts have repeatedly upheld this statute against claims that it was vague. See People v. Green, 368 Ill. 242, 13 N.E.2d 278 (1938); City of Rockford v. Floyd, 104 Ill.App.2d 161, 243 N.E.

2d 837 (1968). A number of similarly worded statutes have been upheld in other jurisdictions. See Lancaster v. State, 83 Ga.App. 746, 64 S.W.2d 902 (Ga.App. 1951); and People v. McNutt, 40 Cal.App. 2d Supp. 835, 105 P.2d 657 (1940). Also, see Annot., 12 A.L.R.2d 580, and cases there cited.

Approving of the reasoning in these cases, we conclude that the statute, as revised, is not unconstitutional.

The judgment is affirmed.

MORRISON, Judge (dissenting).

I do not believe that the issue of constitutionality is properly before this Court.[1] The complaint and information upon which appellant stands convicted are fatally defective, because the acts relied upon to constitute negligence are not alleged as required by Art. 21.15, V.A.C.C.P. The complaint charged that appellant

"and in wilful and wanton disregard for the safety of persons and property, to-wit, drive and operate a motor vehicle on a public street and highway."

In a similar situation in Jones v. State, Tex.Cr.App., 388 S.W.2d 716, where appellant had pled guilty to aggravated assault with a motor vehicle and the complaint charged as follows:

"did then and there drive a motor vehicle, to-wit: a truck tractor upon a public highway, to-wit State Highway 7 and State Highway 103, and did then and there commit an aggravated assault in and upon the person of George Chromack by then and there willfully and with negligence colliding with and causing injury to the person of George Chromack,"

such conviction was reversed because of the failure of the complaint and information to allege the act or acts relied upon to constitute negligence as required by the

then Art. 408a, V.A.C.C.P. See also Short v. State, Tex.Cr.App., 387 S.W.2d 50; Scott v. State, 171 Tex.Cr.R. 53, 344 S.W. 2d 457; and White v. State, 164 Tex.Cr.R. 346, 299 S.W.2d 292.

I dissent to the affirmance of this conviction.

ONION, P. J., joins in this dissent.

---

1. Taylor v. State, 172 Tex.Cr.R. 461, 358 S.W.2d 124.