**Bob Chris FINCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46782.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

David Alexander, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of reckless driving, under Art. 6701d, Sec. 51, Vernon's Ann.Civ.St.; he was assessed a fine of $100.

---

1. Taylor v. State, 172 Tex.Cr.R. 461, 358 S.W.2d 124.

Appellant challenges the constitutionality of this reckless driving statute. We have today, in another cause, ruled on this issue holding the statute to be constitutional. The case of Garcia v. State, 498 S.W.2d 936 (1973) is dispositive of appellant's contention.

The judgment is affirmed.

MORRISON, Judge (dissenting).

I do not believe that the issue of constitutionality is properly before this Court.[1] The complaint and information upon which appellant stands convicted are fatally defective, because the acts relied upon to constitute negligence are not alleged as required by Art. 21.15, Vernon's Ann.C.C.P. The complaint charged that appellant

"and in wilful and wanton disregard for the safety of persons and property, to-wit, drive a motor vehicle on a public street and highway."

In a similar situation in Jones v. State, Tex.Cr.App., 388 S.W.2d 716, where appellant had plead guilty to aggravated assault with a motor vehicle and the complaint charged as follows:

"did then and there drive a motor vehicle, to-wit: a truck tractor upon a public highway, to-wit State Highway 7 and State Highway 103, and did then and there commit an aggravated assault in and upon the person of George Chromack by then and there willfully and with negligence colliding with and causing injury to the person of George Chromack,"

such conviction was reversed because of the failure of the complaint and information to allege the act or acts relied upon to constitute negligence as required by the then Art. 408a, V.A.C.C.P. See also Short v. State, Tex.Cr.App., 387 S.W.2d 50; Scott v. State, Tex.Cr.App., 344 S.W.2d

457; and White v. State, Tex.Cr.App., 299 S.W.2d 292.

I dissent to the affirmance of this conviction.

ONION, P. J., joins in this dissent.

1.  Taylor v. State, 172 Tex.Cr.R. 461, 358 S.W.2d 124.