McDONALD, Justice.
A jury in Calhoun County Court convicted Byrd of reckless driving under section 316.192(1), Florida Statutes (1977), which provides that “[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.” At trial, he charged that the statute is so vague and indefinite that it is unconstitutional.* We disagree and affirm the validity of both the statute and Byrd’s conviction.
Byrd cites two Texas cases to support his contention: Ex parte Chernosky, 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949), and Ex parte De La Pena, 157 Tex.Cr.R. 560, 251 S.W.2d 890 (1952). These cases declared unconstitutional the words “without due caution or circumspection” then contained in the Texas reckless driving statute. The court, however, specifically refused to construe the willfulness and wantonness provisions of that statute. 153 Tex.Cr.R. at 55, 217 S.W.2d at 674. But the Texas court did later consider those provisions in a newer Texas statute prohibiting reckless driving and found that statute, which is identical to section 316.192(1), constitutional. Garcia v. State, 498 S.W.2d 936 (Tex.Cr.App.1972).
To be constitutional, a statute must convey “sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.” United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947). We find section 316.192(1) sufficient to apprise motorists in Florida of what conduct the reckless driving statute prohibits. In so doing, we reach the same conclusion as the majority of other courts that have considered reckless driving statutes. See An-not., 12 A.L.R.2d 580 (1950).
The other points raised in this appeal , are without merit.
Affirmed.
It is so ordered.
*698 SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.

The trial court upheld the constitutionality of the statute, and we have jurisdiction pursuant to Art. V, § 3(b)(1), Fla.Const. (1972).