Jefferson Lawrence WHITE, Appellant,

v.

The STATE of Texas, State.

No. 2–81–376–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1983.

Rehearing Denied March 30, 1983.

William H. Kincaid, Bowie, for appellant.

Before FENDER, C.J., and HUGHES and BURDOCK, JJ.

## OPINION

HUGHES, Justice.

Appellant, Jefferson Lawrence White, was convicted by a jury of the offense of reckless driving. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 51. The trial court assessed a fine of $200.00 as punishment.

The record is before us without a statement of facts. No court reporter was present at trial. White, however, did file with the trial court for inclusion in the record a purported statement of facts which he represents to have been compiled from the memory and recollection of the parties and persons present in the courtroom during the voir dire, trial and jury arguments.

V.A.C.C.P. art. 40.09(11) provides:

11. Agreed Statement

The parties may agree, with the approval of the trial court, upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the trial. Such statement shall be copied into the record in lieu of the proceedings themselves.

The purported statement of facts which is included in this record does not meet the requisites of art. 40.09(11), in that there is no evidence that it has been agreed to by the parties nor approved by the trial court, consequently said statement will not be considered on appeal. In the absence of a proper statement of facts, this court is unable to pass upon questions pertaining to the court's charge, the admissibility of evidence, or the sufficiency of the evidence. *Dupree v. State,* 309 S.W.2d 243 (Tex.Cr. App.1957); *Sellars v. State,* 401 S.W.2d 835 (Tex.Cr.App.1966).

In addition, this record contains no bills of exception. The State has not filed a brief.

White urges two grounds of error challenging definitions included in the court's charge. However, because the record is before us without a statement of facts, written objections to the charge or requested instructions, nothing is presented for review unless the alleged error is fundamental. *Whitson v. State,* 495 S.W.2d 944 (Tex.Cr.App.1973).

In his first ground, White contends that the trial court erred by defining "willful or wanton disregard" in its instructions to the jury as follows:

 

You are further instructed that one is guilty of "willful or wanton disregard" when he is conscious of his misconduct and, although having no intent to injure any person or property, is aware, from his knowledge of surrounding circumstances and existing conditions, that his conduct, in the natural sequence of events, will probably result in injury to another person or property.

White argues that the term "willful and wanton disregard" should be defined to mean with an evil or malicious intent. We do not agree.

■ "Willful and wanton disregard" as used in art. 6701d, § 51 means the deliberate conscious indifference to the safety of others and it is this indifference which supplies the criminal intent necessary to convict. Proof of an evil or malicious intent is not an element of reckless driving. See 52 A.L.R.2d 1337. We find no fundamental error and accordingly overrule White's first ground of error.

■ In his second ground White contends that the trial court erred by using the term "substantial doubt" to help define "reasonable doubt" in its instructions to the jury. The court defined "reasonable doubt" as follows:

You are further instructed that by "reasonable doubt" is meant an honest or substantial doubt, not a capricious or fanciful doubt, but a doubt which based upon the evidence would cause reasonable men and women to differ as to the guilt or innocence of the defendant.

The Court of Criminal Appeals in *Whitson v. State, supra,* held an identically worded instruction not to constitute fundamental error although expressly disapproving of the definition.

In view of the charge as a whole, we do not find the error in the definition of reasonable doubt constitutes fundamental error. Since White has failed to preserve any error other than to urge fundamental error, we overrule his second ground.

Further, note that it is well settled that the term "reasonable doubt" needs no am-

plification or explanation and that the trial court should not attempt to explain the term. *Whitson v. State, supra.*

The judgment is affirmed.