**Brian Michael BARTHOLOMEW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1182–92.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 23, 1994.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, and Julie Klibert, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

After a jury convicted appellant of the misdemeanor offense of reckless driving under Tex.Rev.Civ.Stat.Ann. art. 6701d, § 51(a), the trial judge imposed the maximum punishment of thirty days in the county jail and a $200 fine. *Id.* § 51(b). Upon

direct appeal, the Fourteenth Court of Appeals affirmed. *Bartholomew v. State*, 834 S.W.2d 475 (Tex.App.—Houston [14th Dist.] 1992). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that speeding and racing were not lesser included offenses of reckless driving.[1] We will reverse the judgment of the Court of Appeals.

About 8:45 a.m. on February 14, 1991, Linda Smith drove in the left lane of a four lane road in Houston, Texas. Behind her was a black Porsche driven by appellant; behind appellant was a red Pontiac Firebird. The Porsche and the Firebird were traveling at speeds in excess of the posted speed limit. The Porsche moved to the right lane to pass Smith and then moved back in the left lane after passing her. Smith then moved to the right lane to allow the Firebird to pass. The Firebird passed her and then maneuvered into the right lane. The Firebird and the Porsche continued at excessive speeds, and shortly after passing Smith, the cars encountered a curve which neither could manage. The Firebird drove into the oncoming traffic, hitting the passenger side of an oncoming car, before hitting a tree on the other side of the road and turning over. The driver of the Firebird was killed. The Porsche hit the curb on the right side of the road. At trial, Smith testified that it appeared that the Firebird and Porsche were racing, but appellant denied racing and claimed he only exceeded the speed limit to get out of the Firebird's way.

The information charged that on or about February 14, 1991 in Harris County, Texas, appellant:

in wilful [sic] and wanton disregard for the safety of persons and property, recklessly dr[o]ve an automobile upon a public highway by EXCEEDING THE POSTED SPEED LIMIT AND ENGAGING IN A RACE WITH ANOTHER VEHICLE.

Appellant's requested charges on speeding and racing as lesser included offenses were denied.

On direct appeal, appellant argued that the trial court erred in not charging the jury on speeding and racing as lesser included offenses. The Fourteenth Court of Appeals held that speeding and racing were not lesser included offenses of reckless driving because they differ with respect to the elements of the offense in more ways than just the culpable mental state, and speeding and racing do not always require proof of the same or less than all the facts necessary to establish the offense of reckless driving. *Bartholomew*, 834 S.W.2d at 479 (citing Tex.Code Crim. Proc.Ann. arts. 37.09(1) & (3)). The court further wrote: "Just because speeding and racing were the evidentiary means by which the State chose to prove recklessness does not mean they were lesser included offenses of the charged offense." *Id.*

Appellant contends that the Court of Appeals erred in its determination that he was not entitled to a charge on speeding and racing as lesser included offenses. Specifically, appellant contends the Court of Appeals failed to apply the proper standard in its determination of the existence of lesser included offenses. Appellant relies upon *Broussard v. State*, 642 S.W.2d 171, 173 (Tex. Crim.App.1982) and argues that a lesser included offense depends upon the facts proved in the charged offense. The State contends that speeding and racing are not lesser included offenses of reckless driving, and that even if speeding and racing were lesser in-

---

1. *See* Tex.R.App.P. 200(c)(3). Appellant's two grounds for review as set forth in his petition for discretionary review are:

1. Whether the Court of Appeals failed to apply the proper standard for determining the existence of a lesser [included] offense, as explained in *Broussard v. State*, 642 S.W.2d 171, 173 (Tex.Crim.App.1982), in holding that "speeding" and "racing" were not lesser [included] offenses to a reckless driving charge when the acts of speeding and racing were alleged as the acts which constituted reckless driving?

2. Whether the Court of Appeals was correct in holding that "speeding" and "racing" were not lesser included offenses of reckless driving under [Tex.Code Crim.Proc.Ann. art.] 37.09, when the Information alleged that recklessness was shown by "racing" and "speeding"?

In appellant's brief to this Court, appellant changed the wording of his grounds for review so as to encompass three grounds for review. We will address appellant's grounds for review as they are stated in his petition as granted by this Court.

cluded offenses of reckless driving, appellant was not entitled to a lesser included offense charge because the record does not show that appellant is guilty of only speeding and racing. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (op. on reh'g).

■ Article 37.08 of the Texas Code of Criminal Procedure provides: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX.CODE CRIM.PROC.ANN. art. 37.08. We have held that whether a defendant is entitled to a charge on a lesser included offense depends on a two-prong test:

> [F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.

*Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim.App.) (quoting *Royster*, 622 S.W.2d at 446) (emphasis in *Rousseau* on portion added to *Royster* test), *cert. denied*, — U.S. —, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Thus, our first step is to determine whether speeding and racing are lesser included offenses of reckless driving.

Article 37.09 provides:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09.

We have consistently stated that whether an offense is a lesser included offense of the charged offense requires a case-by-case determination. *Livingston v. State*, 739 S.W.2d 311, 336 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Broussard*, 642 S.W.2d at 173; *Ex parte McClelland*, 588 S.W.2d 957, 959 (Tex.Crim.App.1979); *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Crim.App.1976); *Day v. State*, 532 S.W.2d 302, 315–16 (Tex.Crim.App. 1976) (op. on reh'g).

In *Day*, this Court explained:

> [W]hether one offense bears such a relationship to the offense charged [so as to be considered a lesser included offense] is an issue which must await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case.

*Day*, 532 S.W.2d at 315–16. In *Broussard*, this Court rejected the defendant's argument that robbery was not a lesser included offense of capital murder based on the facts of that case, and wrote:

> It is not a question of whether or not the offense charged is capable of being established on some theory that does not show the lesser included offense. Rather the issue is whether or not the State, in each case, when presenting its case to prove the offense charged, also includes the lesser included offense.

*Broussard*, 642 S.W.2d at 173 (citations omitted); *compare Livingston*, 739 S.W.2d at 336–37 (felony murder was a lesser included offense of capital murder under the facts of that case) *with Hernandez v. State*, 819 S.W.2d 806, 813–14 (Tex.Crim.App.1991) (felony murder was not a lesser included offense of capital murder under the facts of that case), *cert. denied*, — U.S. —, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). Thus, whether speeding and racing are lesser included offenses of reckless driving under article 37.09

depends upon the facts of this case and the proof at trial.

A person commits the offense of reckless driving by driving "any vehicle in willful or wanton disregard for the safety of persons or property[.]" TEX.REV.CIV.STAT.ANN. art. 6701d, § 51(a).

A person commits the offense of speeding by driving "a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing." *Id.* § 166(a).

"Racing is defined as the use of one or more vehicles in an attempt to outgain, outdistance, or prevent another vehicle from passing, to arrive at a given destination ahead of another vehicle or vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes." *Id.* § 185(c).[2]

In the instant case, the State attempted to prove reckless driving by proving that appellant was speeding and racing with another vehicle. Although appellant denied that he committed the offenses of speeding[3] or racing at trial, there was evidence introduced that appellant was speeding and racing, and the State relied upon that evidence of speeding and racing to establish that appellant committed the offense of reckless driving. While we cannot say that speeding and racing are always lesser included offenses of reckless driving, we hold that under the facts of this case the offenses of speeding and racing are lesser included offenses of reckless driving. TEX.CODE CRIM.PROC.ANN. art. 37.09(1).

2. The punishment for reckless driving is more severe than that for speeding or racing. The maximum punishment for a reckless driving conviction is thirty days in the county jail and a $200 fine. TEX.REV.CIV.STAT.ANN. art. 6701d, § 51(b). The maximum punishment for speeding or racing is a $200 fine and does not include incarceration. *Id.* §§ 143, 166, 185. And, unlike reckless driving, speeding and racing offenses can be dismissed if the defendant successfully completes a driving safety course. *Id.* § 143A.

3. Appellant admitted that he exceeded the speed limit, but claimed a necessity defense. *See* TEX. REV.CIV.STAT.ANN. art. 6701d, § 166(b). In its brief, the State concedes: "Under section 166(b), it is clear that a person is *not guilty* of the offense

■ Although the facts and proof may establish that the offense is a lesser included offense of the charged offense, that does not mean that the defendant is entitled to the submission of a lesser included offense charge. Under the second prong of the *Royster* test:

> [S]ome evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.

*Rousseau,* 855 S.W.2d at 673 (quoting *Royster,* 622 S.W.2d at 446) (emphasis in *Rousseau* on portion added to *Royster* test). The Court of Appeals erroneously held that neither speeding nor racing in this case were lesser included offenses of reckless driving; consequently, the court did not address the second prong of the *Royster* test, or whether the error, if any, was harmless under *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1985) (op. on reh'g). *See Saunders v. State,* 840 S.W.2d 390, 393 (Tex.Crim.App. 1992) (remanding case to court of appeals for a harmless error analysis under *Almanza* after holding that defendant was entitled to a lesser included offense charge).

Accordingly, the judgment of the Court of Appeals is REVERSED and this cause is REMANDED to that court for further proceedings consistent with this opinion.

WHITE, J., concurs in the result.

McCORMICK, P.J., and CAMPBELL, J., dissent.

of speeding if he accelerates his vehicle when such action is necessary to avoid colliding with another vehicle [and is reasonable and prudent under the circumstances then existing]."

The fact that appellant raised a defensive theory to speeding does not affect whether the lesser included offense of speeding was raised by the evidence. *See Day,* 532 S.W.2d at 310 ("While it may be true that appellant, upon request, also would have been entitled to a charge on the defensive theories stated [Public Duty and Necessity], that would not alter the fact, as found on original submission, that the lesser included offense of criminal trespass [to burglary] was also raised by the evidence.").

CLINTON, Judge, concurring.

The Court correctly holds that "under the facts of this case the offenses of speeding and racing are lesser included offenses of reckless driving" as prescribed by Article 37.-09(1), V.A.C.C.P. Maj. opinion, at 213. But in addressing the reasons given by the court of appeals for holding otherwise, and also in conducting its own analysis to resolve the issues here presented, the Court leaves the bench and bar without a definitive explication of reasons for so holding. Thus this concurrence.[1]

## I

With respect to Article 37.09(1) the court of appeals noted "that the offense of racing and speeding would not *necessarily* be established by proof of the same or less than all the facts required to establish the commission of reckless driving," faulted appellant for not citing any authority for the proposition he was advancing, and added, "Just because speeding and racing were the *evidentiary means* by which the State chose to prove recklessness does not mean they were lesser included offenses of the charged offense." *Bartholomew v. State*, 834 S.W.2d 475, at 479 (Tex.App.—Houston [14th] 1992).[2]

Such reasoning overlooks the fundamental teachings of *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975), further elucidated by its followings the Court discusses. See maj.

opinion, at 212–213. In *Sanders v. State*, 664 S.W.2d 705 (Tex.Cr.App.1984) (motion for rehearing) my separate opinion capsules the premise for any analysis of a lesser included offense, *viz*:

"... [T]he essential ingredients of the offense charged must at least through liberal construction, encompass and thereby include the constituents of *any* lesser offense in order for the latter to be a 'lesser included offense' within in the meaning of Article 37.09, supra. (citations omitted)." *Id.*, at 710.

## A

The "facts required to establish" the offense charged—that is, the statutory elements of "reckless driving"—are driving "in willful or wanton disregard for the safety of persons or property." Article 6701d, § 51(a), R.C.S. See *White v. State*, 164 Tex.Cr.R. 346, 299 S.W.2d 292 (1957) (pleading merely driving in "a reckless manner" fails to charge offense); see also *Garcia v. State*, 498 S.W.2d 936 (Tex.Cr.App.1973) ("willful or wanton disregard" element not unconstitutionally vague); *accord: Finch v. State*, 498 S.W.2d 937 (Tex.Cr.App.1973).

There is no precise statutory definition of, and a dearth of modern caselaw defining, "willful or wanton disregard" for good reason, *viz*: they and other ambiguous and often contradictory *mens rea* terms formerly used were replaced by four culpable mental states

1. In addition to the facts presented in the opinion of the Court at 1, from the briefs of the parties we learn some more germane facts. Brief for Appellant, at 5–6; State's Brief, at 13–14.

Soon after he left his home at about 8:35 a.m. to go to his office, appellant saw the "red car," variously called a Firebird and a TransAm; he traveled along West Airport behind the red car, that was in the right lane behind a truck. The traffic was "heavy" with drivers on their way to work. Appellant and the red car both turned left from different lanes onto Chimney Rock; and they moved along that street for about one-half mile, appellant in the left lane and the red car in the right lane tailgating the red truck. Appellant passed the red car and truck and moved over into the right lane to make a right turn onto South Willow.

South Willow is four lane street with several curves. Shortly after turning onto South Willow, appellant came up behind Linda Smith traveling

toward Post Oak. While there is some dispute about the location of the red car at that time, suffice to say that both agree appellant passed Smith in the right lane and the red car also passed her in one lane of the other. Leaving Smith behind, both cars moved forward, sometimes around other cars, at speeds other witnesses (presumably drivers themselves) described as running side by side: "really going fast" about the same speed, "approximately seventy or eighty miles per hour," "excessive rate of speed," and appeared to be racing.

According to appellant, the red car approached the S curve about twenty yards ahead of him, lost control and started skidding sideways into the S curve, running appellant off the road way, and then proceeded to the eventual crash and consequences described in the opinion of the Court, at 211. Appellant was then about two miles from his residence.

2. All emphasis above and throughout this opinion is mine unless otherwise indicated.

in § 6.03 of the "new" 1974 penal code. Without directly saying so, however, our courts have determined in effect that the essence of the phrase is substantially the same as the gravamen of the culpable mental state of reckless conduct in V.T.C.A. Penal Code, § 6.03(c), *viz:*

"(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct ... when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist[.]"

Thus in *White v. State,* 647 S.W.2d 751 (Tex.App.—Fort Worth 1983) PDR refused, the late Justice Wm. A. Hughes, Jr., wrote for the court:

" 'Willful and wanton disregard' means the deliberate conscious indifference to the safety of others[.] Proof of evil or malicious intent is not an element of reckless driving."

*Id.* at 753.

More recently construing the thrust of § 51(a) and similar statutes in civil litigation, a court of appeals relied on prior cases to conclude that on the occasion in question, "We do not believe that under the totality of the evidence that [the offending driver], as a matter of law, drove the fire truck with *due regard for the safety of others." City of San Antonio v. Schneider,* 787 S.W.2d 459, at 465–466 (Tex.App.—San Antonio 1990) writ refused.[3]

The statute does not prescribe any specific act or omission committed by an accused in the course of driving that would constitute "recklessness." However, when the State charges that an accused drove recklessly the

charging instrument must allege with reasonable certainty "the act or acts relied upon to constitute recklessness[.]" Article 21.15, V.A.C.C.P. Indeed, in this cause the court of appeals determined that the information contains "all the essential elements of the offense of reckless driving that the State is required to prove under Section 6701d, section 51(a)," and held that the acts alleged and relied on to constitute recklessness informed appellant of "the nature of the reckless act[.]" *Bartholomew v. State,* supra, 834 S.W.2d at 477. Once evidence of the act or acts is admitted, then it is for the factfinder to determine from a totality of circumstances whether any claimed act or omission amounts to a willful or wanton disregard for safety of persons and property within the contemplation of § 51(a).

To prove the ultimate facts required to establish reckless driving the State alleged speeding *and* racing and relied on evidence clearly showing that at some point or another appellant was speeding *or* racing, or both; the trial court authorized the jury to convict if it believed from the evidence the theory alleged by the State.[4] Proof of a lesser include offense, however, is not restricted to that which the State alleges. See *post,* at 217–218.

**1**

As to speeding, the State alleged "recklessness" by "exceeding the posted speed limit." Article 6701d, § 166(a). Section 166(b) proscribes another form of "speeding." The respective sections provide in pertinent part:

---

**3.** The *Schneider* court drew from *White v. State,* supra, and opinions on the civil side as well, to determine the meaning of "reckless disregard for the safety of others." In *Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex.1981), the Supreme Court said:

"... 'Heedless and reckless disregard' means more than momentary thoughtlessness, inadvertence, or error of judgment. It means such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare or safety of persons affected by it."

*Id.,* at 920. *Accord: Napier v. Mooneyham,* 94 S.W.2d 564 (Tex.Civ.App.—Eastland 1936) writ

dismissed, as paraphrased by the *Schneider* court, 787 S.W.2d at 465.

**4.** More specifically, the authorization paragraph stated in pertinent part:

"Therefore, if you believe from the evidence beyond a reasonable doubt that ... [appellant] did in wilful [sic] and wanton disregard for the safety of persons and property, recklessly drive an automobile upon a public highway *by exceeding the posted speed limit* and *engaging in a race with another vehicle,* you will find the defendant guilty."

Tr. 33.

"(a) No person shall drive a vehicle on a highway at a speed greater than is *reasonable and prudent under the circumstances then existing.* Except when a special hazard exists that requires lower speeds for compliance with paragraph (b) of this Section ... *any speed in excess of the limits* specified in this Section or established as hereinafter authorized shall be *prima facie evidence that the speed is not reasonable or prudent* and that it is unlawful."

"(b) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and *having regard to the actual and potential hazards then existing.* In every event speed shall be so controlled as may be necessary to avoid colliding with any ... vehicle or other conveyances on ... the highway in compliance with legal requirements and the duty of all persons to use due care."

Under these provisions, evidence of driving in excess of the posted speed limit, as well as of driving without regard to actual and potential hazards, is sufficient to support a finding that an accused drove at an unreasonable and imprudent speed. *Holley v. State,* 366 S.W.2d 570 (Tex.Cr.App.1963); see *Gano v. State,* 466 S.W.2d 730, at 731–732 (Tex.Cr.App.1971).

All things considered, driving in "willful and wanton disregard" for the safety of other motorists, given a liberal interpretation, does indeed encompass and thereby includes driving at a speed that is not "reasonable or prudent" and also "without regard to the actual or potential hazards then existing." Article 6701d, § 166(a) and (b).[5] Analogizing the "gross negligence" and "ordinary negligence" analysis on the civil side, note 5 *ante,* we may fairly conclude that if proof of driving at proscribed speeds under the circumstances shown to exist does not establish "willful and wanton disregard" for safety, the proof at least prime facie establishes the offenses of excessive speed that is unreasonable or imprudent, and without regard to actual and potential hazards then existing. Article 6701, § 166(a) and (b).[6]

### 2

With respect to the offense of "racing" denounced by Article 6701d, § 185(a) ("no

---

**5.** Just as appellant did not cite authority touching the proposition, neither does the Court; so far as diligent research reveals neither this Court nor any court of appeals has previously addressed the precise issue. However, the civil side deals with acceptable analogues, i.e., gross negligence and ordinary negligence.

"Gross negligence" and "heedless and reckless disregard" are synonymous terms. *Burk Royalty Co. v. Walls,* supra, 616 S.W.2d at 920. "Ordinary negligence" involves a lesser "mental state." *Id.,* at 922.

"... The essence of gross negligence is not the neglect which must, of course, exist. What lifts *ordinary* negligence into *gross* negligence is the *mental attitude* of the defendant; that is what justifies the penal nature of the imposition of exemplary damages."

*Id.,* at 922 (emphasis is original).

In *Harbin v. Seale,* 461 S.W.2d 591 (Tex.1970), addressing the contention that, as a matter of law, "excessive speed alone cannot constitute gross negligence," the Supreme Court through Chief Justice Calvert explained:

"... We are not prepared to say that a finding of excessive speed alone will not support a finding of gross negligence; whether a finding of excessive speed alone will support a further finding of gross negligence must depend upon the surrounding facts and circumstances. * * *

We have held that in determining whether a given act is so far *heedless or wanton* as to constitute gross negligence, we must look to the surrounding conditions and circumstances at the time and place the act was committed. (citation omitted). ... [T]here are a number of things that must be considered in determining whether the act of driving at an excessive rate of speed constitutes gross negligence." *Id.,* 461 S.W.2d at 593. The Supreme Court then examined six cases and noted that in five the court held in effect that although the circumstances presented by the evidence *did not support a finding of gross negligence,* they would have warranted "jury findings of negligence." *Id.,* at 593–594.

**6.** Although the court of appeals addressed the question also under Article 37.09(3), *Bartholomew,* supra, 834 S.W.2d at 479, this Court does not, nor will I. Suffice to say that the culpable mental state for "reckless driving" is greater than that for speeding under 166(b), and arguably "differs" from that for ordinary speeding under § 166(a) in that the Court has held consistently that the latter offense does not require a culpable mental state. *Zulauf v. State,* 591 S.W.2d 869 (Tex.Cr.App.1979); *Crabb v. State,* 503 S.W.2d 260, at 261 (Tex.Cr.App.1974); *Goodwin v. State,* 63 Tex.Cr.R. 140, 138 S.W. 399, at 400 (1911).

person shall drive any vehicle in any race" *et cetera* ), subsection (c) defines the term as pertinent here thus:

"Racing is . . . the use of one or more vehicles in an attempt to outgain, outdistance, or prevent another vehicle from passing[.]"

Racing is a contest of speed, and persons who race on our streets and highways do so at their peril. *Shaver v. Manziel,* 347 S.W.2d 20, at 21 (Tex.Civ.App.—Texarkana 1961) writ refused n.r.e. Racing is a "dangerous activity." *Rogers v. Murrell,* 467 S.W.2d 642, at 647 (Tex.Civ.App.—Amarillo 1971) writ dismissed.[7]

While the thrust of language of the former statute has changed (from no race "shall be held" to no person "shall drive . . . in any race"), the teachings in cases cited in note 7 remain viable under § 185. See *Dabney v. Home Ins. Co.,* 643 S.W.2d 386, at 388 (Tex. 1983) (holding in *Parrott v. Garcia,* supra, controls; jury finding party was racing on public highway established negligence *per se.*)

Under substantially the same considerations and upon like rationale and for similar reasons pertaining to speeding, see Part I A, *ante.* in my judgment the evidence regarding speeding and surrounding circumstances is sufficient, if not more compelling, to warrant a finding "racing" was a lesser included offense of "reckless driving."

## II

For an appellate court to say that the offenses of speeding and racing would *not* "necessarily" be established by proof of facts required to establish reckless driving amounts to ruling that, as matter of law, neither may ever amount to a lesser included offense of the "offense charged" in this cause. But as the Court has always insisted since at least *Day v. State,* supra:

"... [W]hether one offense bears such a relationship to the offense charged is an issue which must await a *case by case determination,* both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of *the facts of the case.*"

*Id.,* 532 S.W.2d at 315–316. Practically every decision following *Day v. State,* supra, either alludes to its dictum or *sub silentio* makes just such a determination. See, e.g., *Cunningham v. State,* 726 S.W.2d 151 (Tex.Cr. App.1987), and cases cited *Id.* at 153; see also *Bell v. State,* 693 S.W.2d 434, at 436 (Tex.Cr.App.1985).

Where the alleged primary vehicular offense proscribed by a traffic regulation in Article 6701d, R.C.S. (West 1977), requires a *mens rea* of "recklessness," and to prove it the State alleges one or more elementary acts also prescribed by a traffic regulation in Article 6701d, the latter, as well an any other such related act, may become lesser included offenses, depending on the facts of the case presented by the State. *Day v. State,* supra, at 306, 315–316.

In the instant cause the State itself not only alleged speeding and racing but also proved both offenses through several witnesses. Manifestly, the State believed the "mens rea" required for "reckless driving" was provable by showing unreasonable and imprudent speed, racing in a negligent manner, as well as disregard of actual and potential hazards then existing. That the State chose those offenses as its "evidentiary means" of proving recklessness will not preclude appellant from claiming on the facts and law, and upon a proper analysis, a court from concluding that one or both offenses are lesser included because established by the same or less than all facts required for reckless driving.

---

7. Former article 795, P.C. 1925, provided: "No race or contest for speed between motor vehicles of any kind shall be held upon any public highway." An object of the prohibition was to prevent injury resulting from racing on public roadways. The statute proscribed an unlawful act, such as to constitute the basis to convict an offender of the former offense of negligent homicide under *id.,* articles 1238 ff. *Mackey v. State,* 400 S.W.2d 764 (Tex.Cr.App.1966). In a civil case, a violation of the statute amounted to negligence *per se. Parrott v. Garcia,* 436 S.W.2d 897, at 899–900 (Tex.1969).

Accordingly, with those additional contributions and observations, I join the opinion of the Court.