COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-370-CR
  
  
JOE 
EARL JOHNS A/K/A                                                        APPELLANT
JOE 
E. JOHNS
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Factual and 
Procedural Background
        Teresa 
Lankford and Appellant Joe Earl Johns lived together in an apartment located in 
Fort Worth, Texas.  Lankford claims that on April 1, 2002, Appellant asked 
her to retrieve crack cocaine on his behalf.  When she refused, Appellant 
pushed her and hit her in the face with a clothing iron several times.  
About an hour later, Appellant left the apartment, and Lankford ran to a 
payphone and called 911.  Appellant was later arrested and charged with 
aggravated assault with a deadly weapon.  A jury convicted Appellant, and 
the trial court sentenced him to forty-five years’ imprisonment.  On 
parole for an aggravated robbery with a deadly weapon charge, Appellant pled 
true to the indictment’s allegation that he had two prior felony 
convictions.  The trial court held that Appellant’s forty-five-year 
sentence would not commence until he completed his previous sentence for 
aggravated robbery.  We affirm.
Discussion
        Appellant, 
in his first issue, contends that the trial court abused its discretion in 
ordering that his sentence would not begin until he finished serving his 
previous sentence for aggravated robbery.  Because he did not object at 
trial, Appellant has failed to preserve the issue for review.  To preserve 
a complaint for our review, a party must have presented to the trial court a 
timely request, objection, or motion that states the specific grounds for the 
desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).[2]  Further, 
the trial court must have ruled on the request, objection, or motion, either 
expressly or implicitly, or the complaining party must have objected to the 
trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2).
        At 
the end of the punishment phase, the trial court stated that Appellant’s 
sentence would be confinement for forty-five years in the Institutional Division 
of the Texas Department of Criminal Justice and ordered that Appellant not begin 
serving his sentence until he discharged his previous sentence for aggravated 
robbery.  Appellant lodged no objections to this sentence and did not 
subsequently file a motion for new trial.  By failing to contest the trial 
court’s judgment, Appellant has failed to preserve any complaint based on the 
trial court’s entry of the sentencing judgment.  See Tex. R. App. P. 33.1; Jimenez v. 
State, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000).  We overrule 
Appellant’s first issue.
        Appellant 
argues, in his second issue, that the evidence was legally insufficient to 
support his conviction for aggravated assault with a deadly weapon.  In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.  Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).  Having reviewed the evidence under the applicable 
standard of review, we conclude that there is legally sufficient evidence 
supporting the jury’s verdict.
        Appellant’s 
final issue on appeal challenges the trial court’s refusal to instruct the 
jury on the lesser included offense of assault causing bodily injury.  To 
determine whether a jury must be charged on a lesser included offense, we apply 
a two-step analysis.  Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. 
App. 1998).  The first step is to decide whether the offense is a “lesser 
included offense” as defined in article 37.09 of the code of criminal 
procedure. Tex. Code Crim. Proc. Ann. art. 37.09 
(Vernon 1981); Moore, 969 S.W.2d at 8.  A lesser included offense is 
defined both in terms of the offense charged and the facts of the case: “An 
offense is a lesser included offense if . . . it is established by proof of the 
same or less than all the facts required to establish the commission of the 
offense charged.” Tex. Code Crim. Proc. 
Ann. art. 37.09(1).  Therefore, our analysis of whether an offense 
is a lesser included offense of the charged offense must be made on a 
case-by-case basis.  Bartholomew v. State, 871 S.W.2d 210, 212 (Tex. 
Crim. App. 1994).  It does not matter if the charged offense can be 
established on a theory that does not contain the lesser offense; the issue is 
whether the State, when presenting its case to prove the offense charged, also 
includes proof of the lesser included offense as defined in article 37.09.  
Bartholomew, 871 S.W.2d at 212; Broussard v. State, 642 S.W.2d 
171, 173 (Tex. Crim. App. 1982).
        The 
second step requires an evaluation of the evidence to determine whether there is 
some evidence that would permit a rational jury to find that the defendant is 
guilty only of the lesser offense, and not of the greater.  Feldman v. 
State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969 S.W.2d 
at 8.  The evidence must be evaluated in the context of the entire 
record.  Moore, 969 S.W.2d at 8.  There must be some evidence 
from which a rational jury could acquit the defendant on the greater offense 
while convicting him of the lesser included offense.  Id. The court 
may not consider whether the evidence is credible, controverted, or in conflict 
with other evidence.  Id. If there is evidence from any source that 
negates or refutes the element establishing the greater offense, or if the 
evidence is so weak that it is subject to more than one reasonable inference 
regarding the aggravating element, the jury should be charged on the lesser 
included offense.  Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. 
App. 1996); Saunders v. State, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 
1992).
        On 
this record, the trial court committed no error in refusing to submit an 
instruction on the lesser included offense of assault causing bodily injury 
because there was no affirmative evidence from which that offense could have 
been a rational alternative to the greater charged offense.  Lankford’s 
testimony that she was beaten around her face with a heavy iron went 
undisputed.  She additionally testified that being struck by the iron was 
painful and caused her to believe that Appellant was going to kill her.  
Furthermore, Sergeant Robert Kinkel, the officer that responded to Lankford’s 
911 call, provided undisputed testimony that an iron could constitute a deadly 
weapon because it could be used to kill a person.  We overrule 
Appellant’s third issue.
Conclusion
        Having 
overruled all of Appellant’s issues, we affirm the trial court’s judgment.
  
 
                                                    
PER CURIAM
   

 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 27, 2004


NOTES
1.  See Tex. 
R. App. P. 47.4.
2.  Although not cited by Appellant, we recognize that 
in Ray v. State, this court addressed the constitutionality of the 
defendant’s punishment despite his failure to raise an objection at trial. 119 
S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, no pet.). Nonetheless, there is no 
majority opinion in Ray and it is not binding precedent. See Pearson 
v. State, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999).