JOHNS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-370-CR

JOE EARL JOHNS A/K/A APPELLANT

JOE E. JOHNS 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Factual and Procedural Background

Teresa Lankford and Appellant Joe Earl Johns lived together in an apartment located in Fort Worth, Texas.  Lankford claims that on April 1, 2002, Appellant asked her to retrieve crack cocaine on his behalf.  When she refused, Appellant pushed her and hit her in the face with a clothing iron several times.  About an hour later, Appellant left the apartment, and Lankford ran to a payphone and called 911.  Appellant was later arrested and charged with aggravated assault with a deadly weapon.  A jury convicted Appellant, and the trial court sentenced him to forty-five years’ imprisonment.  On parole for an aggravated robbery with a deadly weapon charge, Appellant pled true to the indictment’s allegation that he had two prior felony convictions.  The trial court held that Appellant’s forty-five-year sentence would not commence until he completed his previous sentence for aggravated robbery.  We affirm. 

Discussion

Appellant, in his first issue, contends that the trial court abused its discretion in ordering that his sentence would not begin until he finished serving his previous sentence for aggravated robbery.  Because he did not object at trial, Appellant has failed to preserve the issue for review.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
(footnote: 2)  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2).

At the end of the punishment phase, the trial court stated that Appellant’s sentence would be confinement for forty-five years in the Institutional Division of the Texas Department of Criminal Justice and ordered that Appellant not begin serving his sentence until he discharged his previous sentence for aggravated robbery.  Appellant lodged no objections to this sentence and did not subsequently file a motion for new trial.  By failing to contest the trial court’s judgment, Appellant has failed to preserve any complaint based on the trial court’s entry of the sentencing judgment.  
See 
Tex. R. App. P.
 33.1; 
Jimenez v. State
, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000).  We overrule Appellant’s first issue.  

Appellant argues, in his second issue, that the evidence was legally insufficient to support his conviction for aggravated assault with a deadly weapon.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict  in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  Having reviewed the evidence under the applicable standard of review, we conclude that there is legally sufficient evidence supporting the jury’s verdict.  

Appellant’s final issue on appeal challenges the trial court’s refusal to instruct the jury on the lesser included offense of assault causing bodily injury.  To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in article 37.09.  
Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant on the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

On this record, the trial court committed no error in refusing to submit an instruction on the lesser included offense of assault causing bodily injury because there was no affirmative evidence from which that offense could have been a rational alternative to the greater charged offense.  Lankford’s testimony that she was beaten around her face with a heavy iron went undisputed.  She additionally testified that being struck by the iron was painful and caused her to believe that Appellant was going to kill her.  Furthermore, Sergeant Robert Kinkel, the officer that responded to Lankford’s 911 call, provided undisputed testimony that an iron could constitute a deadly weapon because it could be used to kill a person.  We overrule Appellant’s third issue.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.  

PER CURIAM

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 27, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Although not cited by Appellant, we recognize that in 
Ray v. State
, this court addressed the constitutionality of the defendant’s punishment despite his failure to raise an objection at trial. 119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, no pet.).  Nonetheless, there is no majority opinion in 
Ray
 and it is not binding precedent.  
See Pearson v. State
, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999).