**Brackston Heath WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–02–00112–CR.**

Court of Appeals of Texas,
Tyler.

July 31, 2003.

John R. Jarvis, for appellant.

Edward J. Marty, Tyler, for state.

Panel consisted of WORTHEN, C.J., DeVASTO, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

### *MEMORANDUM OPINION*

BILL BASS, Justice (Retired).

A jury convicted Appellant of causing bodily injury to another, a Class A misdemeanor. The trial court assessed his punishment at confinement in the county jail for 150 days. Appellant presents three

issues on appeal, all relating to the sufficiency of the evidence. We modify the judgment and affirm as modified.

## BACKGROUND

The information charged that Appellant "did intentionally, knowingly, and recklessly cause bodily injury to Tammy Hutchins, a family member...." The State's evidence showed that Appellant had pushed the victim down, hit her several times with his closed fist, and stomped on her back. The evidence, however, conclusively established that Tammy Hutchins was *not* a member of Appellant's family. At the close of the State's evidence, Appellant moved for a directed verdict contending that the State had failed to prove the allegations in the information. The court overruled Appellant's motion, and submitted a jury charge omitting the allegation that Tammy Hutchins was a member of Appellant's family.

## STANDARD OF REVIEW

In three issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction.[1] The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979); *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App.1993). In conducting a factual sufficiency review, the appellate court considers all the evidence "without the prism of 'in the light most favorable to the prosecution'" and sets aside the verdict

only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 134–35 (Tex.Crim.App.1996). In a criminal case, the sufficiency of the evidence is determined by the elements of the crime as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

## DISCUSSION

Both the State and Appellant agree that the State unnecessarily alleged that Tammy Hutchins was a member of Appellant's family. Article 22.01 of the Texas Penal Code does not require that the victim be identified as a "family member." Article 22.01 does provide for the enhancement of the offense to a felony should the actor be convicted of domestic assault a second time. TEX.CODE CRIM. PROC. ANN. art. 22.01(b)(2) (Vernon 2003). Appellant had not been convicted previously of assault against members of his household. There is no provision in the statute for any additional penalty upon the first conviction. *Id.*

The State maintains the allegation in question is surplusage and should be disregarded. "Surplusage" is defined as "allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment." *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App.1975). The State argues that the allegation should be excluded from the hypothetically correct jury charge against which evidentiary sufficiency must be weighed. *See Malik*, 953 S.W.2d at 240.

1. In his first issue, Appellant contends that the trial court erred in denying his motion for a directed verdict. A challenge to the trial court's ruling on a motion for directed verdict is in actuality a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990).

Appellant claims the allegation was not surplusage because under a long recognized exception to the surplusage rule, the State must prove all circumstances of the description when a person, place, or thing necessary to be mentioned in the indictment is described with unnecessary particularity. *Burrell*, 526 S.W.2d at 802. Appellant stresses that a hypothetically correct jury charge is one *authorized by the indictment* and must necessarily include every allegation the State must prove. He argues that, measured against such a charge, the evidence is legally and factually insufficient.

Two of the cases relied upon by Appellant illustrate the application of the special or *Burrell* exception to the surplusage rule. In *Cohen v. State*, 479 S.W.2d 950 (Tex.Crim.App.1972), the State alleged a particular block in which Cohen illegally transported fireworks within the city limits. The court reversed the conviction holding that the street address was not surplusage and that the State was required to prove the exact address. In *Blevins v. State*, 672 S.W.2d 828 (Tex. App.-Corpus Christi 1984, no writ), the appellant was charged with killing a "wild white tail deer" during the closed season. The evidence amply proved that the appellant killed a wild deer out of season, but it did not establish that the particular deer had a white tail. The court reversed the deerslayer's conviction and entered an acquittal.

In *Malik*, the court of criminal appeals held that the sufficiency of the evidence should be measured against a hypothetically correct jury charge. *Malik* describes a hypothetically correct jury charge as follows:

Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. . . .

*Malik*, 953 S.W.2d at 240. *Malik* involved a variance between the allegations in the jury charge and the evidence at trial. The case at bar involves a variance between the charging instrument and the proof. However, the court of criminal appeals has interpreted *Malik* to control sufficiency of the evidence analysis even in the absence of jury charge error. *See Gollihar v. State*, 46 S.W.3d 243, 255 (Tex.Crim.App. 2001).

■ The *Gollihar* court further refined the definition of a hypothetically correct jury charge holding that "a hypothetically correct jury charge need not incorporate allegations that give rise to immaterial variances." *Id.* at 256. Only a material variance will render the evidence insufficient. Noting the conflict between the two lines of cases establishing the surplusage doctrine and the material or fatal variance doctrine, the court of criminal appeals overruled the surplusage rule as well as its special (*Burrell*) exception, including the cases relied on by Appellant, but reaffirmed the fatal variance doctrine. Therefore, the only question in the instant case is whether the variance is material between the allegation in the information that Tammy Hutchins is a member of Appellant's family and the proof at trial that she is not.

In *Gollihar*, the court adopted the test for materiality applied by the Fifth Circuit in *United States v. Sprick:*

A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices the defendant's substantial rights." When reviewing such a variance, we must determine whether the indictment, as written, informed the de-

fendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Gollihar,* 46 S.W.3d at 257 (quoting *United States v. Sprick,* 233 F.3d 845, 853 (5th Cir.2000)).

■ In the instant case, the needless allegation did not mislead the Appellant. His defense did not depend on whether or not the victim was a family member. His defensive theory at trial was that he believed his use of force was immediately necessary to protect a third person against Tammy Hutchins. This theory was not affected by the allegation that Hutchins was a family member. Nor do we perceive any risk to Appellant of being prosecuted again for the same assault on Tammy Hutchins. The variance was immaterial. Appellant's issues one, two, and three are overruled.

### CONCLUSION

Measured against a hypothetically correct jury charge omitting the immaterial allegation, the evidence is both legally and factually sufficient to support Appellant's conviction. We observe that although the jury convicted Appellant of assault causing bodily injury, the trial court's judgment and sentence describe the offense as "assault causes bodily injury family member." The judgment and sentence are **modified** to show the offense for which Appellant was convicted as "assault causing bodily injury." The judgment is **affirmed as modified.**