**Samuel E. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–03–00171–CR.

Court of Appeals of Texas, Texarkana.

Submitted March 31, 2004.

Decided April 8, 2004.

Ebb B. Mobley, Attorney At Law, Longview, James L. Clark, Attorney At Law, Naples, TX, for appellant.

O.G. Stanley, Morris County District Atty., Daingerfield, TX, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

In the early morning hours of April 27, 2001, Samuel E. Smith, alone in the car with L.R., the woman who had given him a ride home from a friend's birthday party, forcibly tore L.R.'s shirt and bra off of her body, began pulling her hair, and told her she was going to perform oral sex on him and he was going to engage in anal intercourse with her, though his language was, we will say, more vivid. After struggling with Smith and crying out for help, L.R. was able to escape from Smith before he completed any actual sexual assault.

The State indicted Smith for attempted sexual assault, but specified in the indictment only that the sexual assault he attempted was *vaginal* intercourse. Smith appeals from his conviction by a jury and his six-year sentence, contending (1) the evidence does not support his conviction, and (2) it was error not to charge the jury on the lesser-included offense of assault by threat of bodily injury. We find the evidence factually insufficient and reverse and remand this cause for a new trial.

### Sufficiency of the Evidence

Smith first argues that the evidence is factually and legally insufficient to support his conviction because the State did not prove the allegations of the indictment. The indictment alleges that Smith

did then and there intentionally or knowingly attempt to cause the penetration of the female sexual organ of [L.R.] by means of defendant's sexual

organ, without the consent of [L.R.], and the defendant did then and there by acts or words threaten to cause, or place [L.R.] in fear that bodily injury would be imminently inflicted on [L.R.], and said acts or words occurred in the presence of [L.R.], and such attempt amounting to preparation that tended, but failed to effect the commission of sexual assault, . . . .

The jury charge tracked the indictment.

The evidence shows that, when the birthday party at Belinda Mercer's home ended, Mercer agreed to give Smith a ride to his nearby home. L.R. drove Mercer's car, with Mercer in the front seat and Smith in the back. On the way, they passed Mercer's husband's truck, and Mercer left the vehicle to ride home with her husband. L.R. testified that, when she and Smith arrived at Smith's home, he exited the vehicle, but then got into the front seat, yanked the keys out of the ignition, started pulling her hair (pulling some out), and told her that she "was going to suck his dick and he was going to fuck me in my ass." She testified that she called for help, that he ripped her shirt and bra off, and that, at about that time, a woman came out of one of the houses and yelled that she was calling the police. Revia testified that she and Smith continued to fight, but that she eventually escaped and ran back to Mercer's house, a few

doors down. The only other relevant testimony was Revia's statement that Smith had, earlier that evening, asked her "if my pussy was any good and if I had ever been with a black man."

■ The sexual assault statute criminalizes a number of different acts TEX. PEN. CODE ANN. § 22.011 (Vernon 2003). In this case, the indictment alleges specifically and solely that Smith attempted, without consent, to engage in vaginal intercourse.[1]

■ In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In reviewing factual sufficiency, we view the evidence in a neutral light, favoring neither party. *Id.* We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

■ Smith argues, citing *Johnson*, that the evidence is insufficient to prove what the State alleged. That authority references a legal and factual sufficiency review under both federal and state standards of review. The evidence is measured for suf-

---

1. The sufficiency of the evidence is measured against the hypothetically correct jury charge, rather than the actual charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). The hypothetically correct jury charge is one that accurately sets forth the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the offense for which the defendant was tried. *Id.* In a legal sufficiency review, this standard ensures that a judgment of acquittal is reserved for those cases in which the State actually fails to prove the crime, rather than allowing acquittal for mere

error in the jury charge submitted. *Id.* The factual sufficiency of the evidence is also measured against the hypothetically correct jury charge. *Weyandt v. State*, 35 S.W.3d 144, 153 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *see also Adi v. State*, 94 S.W.3d 124, 130 (Tex.App.-Corpus Christi 2002, pet. ref'd). The hypothetically correct jury charge doctrine does not require a different standard in this case, because the charge authorized by the indictment in this case was actually given, even though the evidence adduced at trial primarily points to a different formulation of attempted sexual assault.

ficiency by looking at the indictment as incorporated in the court's charge to the jury. *Fisher v. State,* 887 S.W.2d 49, 53 (Tex.Crim.App.1994) (op. on reh'g); *Cates v. State,* 72 S.W.3d 681, 688 (Tex.App.-Tyler 2001, no pet.). In addressing this claim, we recognize *Gollihar* decided that, under a state review for sufficiency, a materiality inquiry should be made in all cases, like this one, that involve a "sufficiency of the evidence claim based upon a variance between the indictment and the proof" and that only a "material" variance will render the evidence insufficient. *See Gollihar v. State,* 46 S.W.3d 243, 257 (Tex. Crim.App.2001).

We also recognize that the Texas Court of Criminal Appeals created a dichotomy between state and federal review in *Gollihar.* The court stated in *Fuller v. State,* 73 S.W.3d 250, 252 (Tex.Crim.App.2002), that the standard set out in *Gollihar* for

measuring evidentiary sufficiency against the "elements of the offense as defined by the hypothetically correct jury charge for the case" clearly is not the same as the *Jackson v. Virginia* standard of measuring evidentiary sufficiency against the "substantive elements of the criminal offense as defined by state law." *Compare Jackson,* 99 S.Ct. at 2792 fn. 16, with, *Gollihar,* 46 S.W.3d at 255.

The *Gollihar* construct, therefore, does not apply to our analysis of Smith's *Jackson v. Virginia* evidentiary sufficiency claim.

■ The federal constitutional issue in this case is whether the specific conduct is a substantive element of the criminal offense as defined by state law. *Fuller,* 73 S.W.3d at 252; *see Jackson v. Virginia,* 443 U.S. 307, 324 n. 16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As pointed out in *Fuller,* state law, in relevant part, defines "element of the offense" as the forbidden conduct with the required culpability. *See*

TEX. PEN.CODE ANN. § 1.07(a)(22)(A), (B) (Vernon Supp.2004). The relevant portions of Section 22.011(a)(1)(A) and (B) of the Texas Penal Code define the offense as occurring when a person intentionally or knowingly causes the

(A) ... penetration of the anus or sexual organ of another person by any means, without that person's consent; [or]

(B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent....

State law thus defines particular physical acts as substantive elements of the offense.

In this context, the Texas Court of Criminal Appeals has reviewed the aggravated sexual assault statute, a statute containing (in relevant part) essentially identical language. It found that Section 22.021 set out a conduct-oriented offense in which the Legislature criminalized very specific conduct of several different types. TEX. PEN.CODE ANN. § 22.021 (Vernon 2003). After acknowledging that the statute expressly and impliedly separates the sections by "or," the court stated

each section usually entails different and separate acts to commit the various, prohibited conduct. This specificity reflects the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct. An offense is complete when a person commits any one of the proscribed acts. In sum, Art. 22.021 is a conduct-oriented statute; it uses the conjunctive "or" to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit. These considerations lead us to conclude that the Legislature intended that each separately described

conduct constitutes a separate statutory offense.

*Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim.App.1999).

If, therefore, the prosecution failed to prove the charged attempted act, vaginal intercourse, the evidence is necessarily insufficient to support the conviction under *Jackson v. Virginia.* Evidence that Smith threatened to engage forcibly in oral sex or anal sex with the victim is not evidence he attempted to commit sexual assault by engaging forcibly in vaginal sex. The Legislature saw fit to define different ways in which a person could commit the offense of sexual assault.[2] The proof in this case does not meet the *Jackson* standard because it does not constitute proof of every fact necessary to constitute the crime charged of (attempted) sexual assault by penetration of the victim's sexual organ. *See* TEX. PEN.CODE ANN. § 1.07(a)(22); § 22.011(a)(1)(A); *Gollihar*, 46 S.W.3d at 246; (*Jackson* standard "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

In a review applying state law, *Gollihar* decided that this "materiality" inquiry requires a determination of whether the variance deprived the defendant of notice of the charges or whether the variance subjects the defendant to the risk of later being prosecuted for the same offense. *Fuller*, 73 S.W.3d at 253; *see Gollihar*, 46 S.W.3d at 257. In situations where the proof did not match the indictment, cases have found wrong serial numbers, *Gollihar*; wrong names, *Stitt v. State*, 102 S.W.3d 845, 849 (Tex.App.-Texarkana 2003, pet. ref'd); mislabeling the victim as a family member, *Wilson v. State*, 113 S.W.3d 785, 788 (Tex.App.-Tyler 2003, no pet.); misnaming the defendant (Jr. or Sr.), *Warren v. State*, 98 S.W.3d 739, 742 (Tex.App.-Waco 2003, pet. ref'd); and misnaming the victim, *Fuller*, 73 S.W.3d at 252, as mismatches (variances) between allegation and proof that were not "material." As the court attempted to explain in *Fuller*, if the evidence the defendant committed the crime was otherwise sufficient, a variance that was not material—such as those listed immediately above—would not make the conviction invalid.[3]

But this situation is not like those set out above. In this case, Smith was indicted for committing the crime of attempted sexual assault by penetration of the victim's sexual organ with his sexual organ.

---

**2.** *See Moore v. State*, 54 S.W.3d 529, 547 (Tex.App.-Fort Worth 2001, pet. ref'd), discussing the various means for committing sexual assault specified by the statute in connection with the amendment of an indictment. When a statute provides multiple means for the commission of an offense and those means are subject to the same punishment, the State may plead them conjunctively. However, the State is required to prove only one of the alleged means in order to support the conviction. *Eastep v. State*, 941 S.W.2d 130, 133 (Tex.Crim.App.1997).

**3.** The court in *Gollihar* also reaffirmed the fatal variance doctrine and adopted the following materiality test to determine whether a variance is fatal:

A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices [the defendant's] substantial rights." When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim.App.2001) (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir.2000)); *Luster v. State*, 85 S.W.3d 865, 869 (Tex.App.-Eastland 2002, pet. ref'd).

The jury was so charged. The evidence was that he threatened to penetrate her anus and her mouth with his sexual organ as he began tearing off her clothing, but that he did not progress far enough in his efforts to show he was actually attempting to do something other than that which he had threatened.

Is this a material variance between allegation and proof? We conclude it is. The statute provides several different ways in which the crime of sexual assault may be committed.[4] The State could have indicted Smith on a number of different ways in which attempted sexual assault could have been committed. The State chose one. There is factually insufficient evidence to support a conviction on that theory. There is some evidence, however, from which an inference might be drawn legitimately by the jury that perhaps Smith may have been attempting to engage in nonconsensual vaginal intercourse with Revia. Accordingly, although we conclude the evidence is factually insufficient to allow a rational trier of fact to find guilt on the crime as charged beyond a reasonable doubt, we also conclude there is at least some evidence from which a jury might be able to infer the existence of the charged offense.

*Lesser–Included Offense Charge*

■ Smith next contends the trial court erred by failing to charge the jury on the lesser-included offense of assault. To determine whether a charge on a lesser-included offense should be given, this Court has implemented a two-step test. *Mathis v. State,* 67 S.W.3d 918, 925 (Tex. Crim.App.2002); *see Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Royster v. State,* 622 S.W.2d 442, 444 (Tex.Crim.App.1981) (plurality opinion). The first step is to decide whether the

offense is a lesser-included offense of the offense charged. *See* TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981); *Mathis,* 67 S.W.3d at 925. The second step of the test requires us to evaluate the evidence to determine whether there is some evidence that would permit a jury rationally to find that the defendant is guilty only of the lesser offense. *Mathis,* 67 S.W.3d at 925; *Wesbrook v. State,* 29 S.W.3d 103 (Tex.Crim.App.2000); *Moore v. State,* 969 S.W.2d 4, 8 (Tex.Crim.App. 1998). Further, the evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Wesbrook,* 29 S.W.3d at 103; *Arevalo v. State,* 943 S.W.2d 887, 889 (Tex.Crim.App. 1997). This means the evidence must allow a jury to rationally conclude the appellant was guilty only of the lesser offense. *Wesbrook,* 29 S.W.3d at 103.

The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09.

A person commits the offense of attempted sexual assault if, with the specific

---

4. TEX. PEN.CODE ANN. § 22.011 (Vernon 2003).

intent to cause the penetration of the anus or sexual organ of another person, by any means, or the mouth of another person with the sexual organ of the actor, without the consent of the other person, does an act amounting to more than mere preparation that tends but fails to effect the commission of the intended offense. *See* Tex. Pen.Code Ann. §§ 15.01(a), 22.011(a)(1)(A) (Vernon 2003). A person commits the offense of assault causing bodily injury if the person intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Pen.Code Ann. § 22.01(a)(1). "Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex. Pen.Code Ann. § 1.07(8) (Vernon Supp. 2004). Bodily injury is not an element of the offense of attempted sexual assault. That aspect of the assault statute therefore does not apply.

There are two other ways in which assault can be committed, when a person "intentionally or knowingly threatens another with imminent bodily injury, . . . or intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." Tex. Pen.Code Ann. § 22.01(a)(2), (3) (Vernon Supp.2004).

The argument raised before the trial court was that the threat of imminent bodily injury aspect of the penal statute applied, that the indictment contained an allegation of threat of such injury, and that there was evidence presented of injury to the victim. Therefore, Smith argues that, under these facts, he was entitled to a lesser-included offense charge on assault.

■ Whether one offense bears such a relationship to another must be determined on a case-by-case basis because the statute defines lesser-included offense both in terms of the offense charged and in terms of the facts of the case. *Day v.*

*State,* 532 S.W.2d 302, 315–16 (Tex.Crim. App.1976) (op. on reh'g); *Valdez v. State,* 993 S.W.2d 340, 343 (Tex.App.-El Paso 1999, pet. ref'd).

■ Typically, under Article 37.09(1) of the Texas Code of Criminal Procedure, the greater offense has an "extra" element that the lesser offense does not, e.g., the various "aggravated" statutes which increase the degree of an offense by "adding" an element to the base offense. Tex. Pen.Code Ann. § 20.04 (Vernon 2003) (aggravated kidnaping), § 22.02 (Vernon Supp.2004) (aggravated assault), § 22.021 (Vernon Supp.2004) (aggravated sexual assault), § 29.03 (Vernon 2003) (aggravated robbery), § 37.03 (Vernon 2003) (aggravated perjury), § 49.09 (Vernon Supp.2004) (felony Driving While Intoxicated). In this type of situation, where the contention is made that the facts of the case raise the issue of a lesser-included offense, we must examine the record to determine whether the State, in presenting its case to prove the offense charged, presented facts that could constitute the lesser offense. *Bartholomew v. State,* 871 S.W.2d 210, 212 (Tex.Crim.App.1994); *Broussard v. State,* 642 S.W.2d 171, 173 (Tex.Crim.App.1982); *Campbell v. State,* 128 S.W.3d 662, 670 (Tex.App.-Waco, 2003, no pet.).

■ As the court reiterated in *Bartholomew:*

> Whether one offense bears such a relationship to the offense charged [so as to be considered a lesser-included offense] is an issue which must await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case.

*Bartholomew,* 871 S.W.2d at 212 (citing *Day v. State,* 532 S.W.2d 302, 315–16 (Tex. Crim.App.1975) (op. on reh'g)). "It is not

a question of whether or not the offense charged is capable of being established on some theory that does not show the lesser included offense." *Broussard,* 642 S.W.2d at 173. Therefore, we apply Article 37.09(1) to the evidence adduced at trial to determine whether Smith was entitled to a charge on the lesser-included offense of assault that he requested at trial. *See* TEX.CODE CRIM. PROC. ANN. art. 37.09(1).

Comparing the two sections side by side demonstrates the comparable elements:

| § 22.011 Sexual Assault | § 22.01(a)(2) Assault |
|---|---|
| 1) A person intentionally or knowingly | 1) A person intentionally or knowingly |
| 2) causes penetration of anus or sex organ of another person without consent, or causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent | |
| 3) compels the other person to submit by use of physical force or violence, or compels by threatening to use force or violence, and the other person believes the actor has the present ability to execute the threat | 2) threatens another with imminent bodily injury |

The State presented evidence Smith began forcibly tearing L.R.'s clothes from her body, while using language at least suggesting he was going to force her to engage in sexual activity with him. The jury charge itself contains language including these elements of simple assault, because, to convict, the jury was required to find both attempted sexual assault and that Smith did, "by acts or words threaten to cause, or place [L.R.] in fear that bodily injury would be imminently inflicted on" her.

Here, we conclude that assault was a lesser-included offense of sexual assault. *See Valdez,* 993 S.W.2d at 346; *Bryant v. State,* 705 S.W.2d 745, 747 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd).

Assault causing bodily injury requires an additional element not required for the offense of attempted sexual assault. But the State provided evidence of assault to the jury. The indictment in this case specifically alleges the victim was placed in fear of bodily injury, and she testified she did suffer some injuries during the altercation.

Under the second prong of *Royster,* and under the unique manner in which the offense was presented to the jury, with an indictment charging the attempted sexual assault would be vaginal—the one mode about which there is no direct evidence, we find there is some evidence that would permit a jury rationally to find that Smith is guilty only of the lesser offense.

We reverse Smith's conviction and remand this cause to the trial court for further proceedings.