Affirmed and Majority and Concurring Opinions filed May 1, 2007









Affirmed and Majority and Concurring Opinions filed May 1,
2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00088-CR

____________

 

JASON EARL WOOLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 997,161

 





 

C O N C U R R I N G   O P I N I O N

I respectfully concur.  I believe that the majority
has gone beyond appropriate application of Malik v. State when it
reviews the factual sufficiency of the evidence against a hypothetically
correct jury charge as opposed to against the charge actually given. 

 

In Malik, the trial court charged the jury that the
legality of the defendant=s detention was a prerequisite for conviction. 
953 S.W.2d 234, 235 (Tex. Crim. App. 1997).  The court of appeals reversed
and acquitted, finding that the evidence was legally insufficient to show
reasonable suspicion to justify a traffic stop.  Id.  The
Court of Criminal Appeals reversed, holding that the legality of the defendant=s detention was
not an element of the offense and should not have been considered in reviewing
the sufficiency of the evidence to sustain the conviction.  Id. at 240.  The Court fashioned a new standard of review for sufficiency of
the evidence: it discarded the former rule measuring evidence against the
charge as given and instead mandated examination of the evidence in the light
of a hypothetically correct charge.  Id.

 

In this landmark opinion, the Court of Criminal Appeals
revisited the Benson/Boozer line of cases, which measured sufficiency of
the evidence Aby the jury charge if that charge is more favorable to
the defendant than the law requires and if the State fails to object.@  Malik, 953
S.W.2d at 235 (citing Boozer v. State, 717 S.W.2d 608 (Tex. Crim. App.
1984), and Benson v. State, 661 S.W.2d 708 (Tex. Crim. App. 1982)).[1]  The Court
recognized the dilemma faced by the State under this principle: that if
evidence was not legally sufficient as compared to an erroneous charge, even if
it were sufficient as compared to the statutory elements of the offense, a
conviction was reversed and acquittal ordered because of trial error, not
because of insufficiency of the evidence.  Benson/Boozer permits,
indeed contemplates, that convicted persons who are guilty of the charged
offense may be acquitted on appeal based on an erroneous and/or unnecessary
instruction in the jury charge to which the State failed to object.  This
result represents nothing less than a defendant=s windfallCan acquittal based
on mere charge error, for which the historic remedy is remand for new
trial.  Accordingly, the Malik court overruled the Benson/Boozer
line of cases and announced that henceforth, the legal sufficiency of the
evidence would be measured against Athe elements of
the offense as defined by the hypothetically correct jury charge for the
case.  Such a charge would be one that accurately sets out the law, is
authorized by the indictment, does not necessarily increase the State=s burden of proof
or unnecessarily restrict the State=s theory of
liability, and adequately describes the particular offense for which the
defendant was tried.@  Malik, 953 S.W.2d at
241.  It is clear that in Malik, the Court of Criminal Appeals
addresses only the standards for legal sufficiency review.  Its occasional
use of the less specific phrase Asufficiency of the
evidence@ notwithstanding,
legal sufficiency was unquestionably the issue at hand.[2] 

The primary basis of Malik=s directive to use
a hypothetically correct jury charge in assessing sufficiency of the evidence
is the Jackson standard: Awhether, after
reviewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.@  Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  Legal
sufficiency review (or in federal cases, sufficiency review) is not
particularly concerned with what charge was actually given to the jury;
instead, it is concerned with whether the evidence established the essential
elements of the offense.[3] 
See  Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App.
2006).  The standard does not focus on the actual jury in the case, the
actual charge, or the actual verdict; it posits the review of Aany rational trier
of fact@ of the Aessential elements@ of the
offense.  Thus, reviewing the evidence against a hypothetically correct
charge in the legal sufficiency context makes logical sense.

 

The reasoning in MalikCthat the issue in
legal sufficiency review is whether the evidence establishes the essential elements
of the offense beyond a reasonable doubtCis a poor fit in
factual sufficiency analysis, where the standard of review is whether Athe great weight
and preponderance of the . . . evidence contradicts the jury=s verdict.@  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (emphasis omitted and
added).  A[N]othing about Jackson impacts the legitimacy
or fate of factual-sufficiency review in criminal cases in Texas.@  Id.
at 412.  The context of factual sufficiency review stands in stark contrast
to that of legal sufficiency review.  The question of whether the evidence
is constitutionally sufficient is unrelated to the question of how rationally
the verdict was actually reached.  Jackson, 443 U.S. at 319 n.13, 99 S.Ct. at 2789 n.13.  Where legal sufficiency review essentially
ignores the jury (except for the fact that there was a conviction) and
considers whether the evidence establishes the essential elements of the
offense, factual sufficiency review respects the jury=s decision and is,
indeed, a direct review of the jury=s verdict itself.

Accordingly, legal sufficiency is not concerned with the
actual charge given but rather with a hypothetically correct charge focusing on
the elements of the offense.  Factual sufficiency, on the other hand, is
directly tied to the charge given.  Where, as here, the jury was asked a
specific factual question, i.e., whether appellant was a party to an
offense committed by a specific primary actor, the only way to assess whether the
verdict was supported by evidence is to consider the charge actually
given.  By inserting a hypothetically correct charge into its factual
sufficiency analysis, the majority reviews a question that was never posed to
the jury, i.e., whether appellant was a party to an offense committed by
Aanother person@ (i.e., not
necessarily Pablo Velez, Jr.).

 

The extension of Malik and the hypothetically
correct jury charge into the realm of factual sufficiency review is hardly unique
to the majority.  Many Texas Courts of Appeals have opined that Malik
applies as equally to factual sufficiency challenges as to legal sufficiency
challenges.  The majority here states the matter as honestly as any court
has or could:  AWe continue to assume that Malik applies
to both legal and factual sufficiency review, though the Court of Criminal
Appeals has only expressly applied it to the former.@  Maj. Op.
supra at *3, n.1 (citing Villani v. State, 116 S.W.3d 297, 307 (Tex.
App.CHouston [14th Dist.]
2003, pet. ref=d)).  Most courts that have applied Malik
principles in the factual sufficiency context have either simply cited Malik
directly for the proposition,[4]
or cited other courts of appeals= cases for the proposition.[5]  The closest any
court has come to cogent analysis of the issue is the Dallas Court of Appeals= statement in Reaves
v. State, that A[a]lthough Malik involved a
challenge to the legal sufficiency of the evidence, we discern nothing in the
opinion that limits its holding to that category of sufficiency challenges.@  970 S.W.2d
111, 116 (Tex. App.CDallas 1998, no pet.).[6]

 

I recognize that creating two different and possibly contradictory
standards of measurement of evidentiary sufficiency (one for legal sufficiency
challenges and one for factual sufficiency challenges), could generate at least
a practical complication.  Courts of appeals decisions considering legal
and factual sufficiency challenges could become considerably more involved, at
least in cases where the hypothetical and actual charges are not
identical.  Under the current scheme, legal and factual sufficiency
reviews are often conducted in one analysis with both standards in mind,
usually for simplicity=s sake or because the appellant does not
make separate arguments.  Yet notwithstanding the convenience factor, as
Judge Cochran recognized in Watson, A[i]t is essential
that evidentiary hurdles like Jackson and Clewis be easily
distinguishable.  If they are not easily and logically distinguishable,
allowing both to apply muddles the law[.]@  Watson,
204 S.W.3d at 423 (Cochran, J., dissenting).  I believe that two complete
and separate reviews should be required whenever the hypothetically correct
charge differs from the actual charge given.[7]

However, because I believe that the evidence in this case
was factually sufficient to sustain the conviction under either a
hypothetically correct charge or the charge actually given, I concur in the
judgment.

 

 

 

 

 

/s/     
Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed May 1, 2007.

Panel consists of Chief Justice Hedges and Justices Fowler
and Edelman. (Fowler, J. majority).

 

Publish C Tex. R. App. P. 47.2(b).














[1]   It is important to note that when the latter two
cases were decided, Texas appeals courts considered only legal sufficiency, not
factual sufficiency; it was not until Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996), that courts were authorized to consider factual
sufficiency.  Therefore, any reference in Benson/Boozer perforce
refers to legal sufficiency.  Legal insufficiency of the evidence requires
reversal and rendition of a conviction not merely reversal and remand. 





[2]  The Court=s
use of more generic phrasing may have been because it discusses a number of
federal cases that use that phrasing, Asufficiency
of the evidence.@  See Malik, 953 S.W.2d at 236-38 (and
cases cited therein).  Federal courts do not use the monikers Afactual sufficiency@
and Alegal sufficiency@
because they, in effect, only perform reviews of legal sufficiency of the
evidence.  See generally Clewis, 922 S.W.2d at 132-33 (discussing
the genesis of factual sufficiency review in Texas and its relationship, or
lack thereof, to federal due process).  This is because factual
sufficiency review does not implicate federal due process concerns.  See
id. 





[3]  Any problems with the actual charge in federal cases are
examined for trial error, not sufficiency of the evidence.  See Malik,
953 S.W.2d at 237 (discussing Forman v. United States, 361 U.S. 416, 429B30, 80 S.Ct. 481, 486, 4 L.Ed.2d
412 (1960)).





[4]  See, e.g., Longoria v. State, 154 S.W.3d
747, 754 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (Hedges, C.J.); Wilson v. State, 113 S.W.3d
785, 786 (Tex. App.CTyler 2003, no pet.); Garcia v. State, 75
S.W.3d 493, 496 (Tex. App.CSan Antonio
2002, pet. ref=d); Brumfield v. State, 18 S.W.3d 921, 924
(Tex. App.CBeaumont 2000, pet. ref=d); Westfall v. State, 10 S.W.3d 85, 91 (Tex. App.CWaco 1999, no pet.); Phelps v. State, 999
S.W.2d 512, 514 (Tex. App.CEastland 1999,
pet. ref=d); Ortiz v. State, 993 S.W.2d 892, 895 (Tex.
App.CFort Worth 1999, no pet.); Warren v. State, 971
S.W.2d 656, 659 (Tex. App.CDallas 1998, no
pet.).





[5]  See, e.g., McKinney v. State, 177 S.W.3d
186, 197 n.8 (Tex. App.CHouston [1st Dist.] 2005), aff=d on other grounds, 207 S.W.3d 366 (Tex. Crim. App. 2006); Smith v. State, 135
S.W.3d 259, 261 (Tex. App.CTexarkana 2004,
no pet.); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.CCorpus Christi 2002, pet. ref=d); Phelps, 999 S.W.2d at 514.





[6]  In Nesbitt v. State, 958 S.W.2d 952
(Tex. App.CBeaumont 1998, no pet.), the Beaumont Court of Appeals
took a similar stance regarding the applicability of Malik principles in
the factual sufficiency context.  The court simply stated:  ANesbitt has not supplied us with a reason why Malik
should not apply to factual sufficiency reviews as well as to reviews of
the legal sufficiency of the evidence . . . .@  Nesbitt, 958 S.W.2d at 954.





[7]  The ultimate question of whether Malik
and the hypothetically correct charge should apply in factual sufficiency
review is beyond the intended scope of this concurrence.  The simple goal
of this concurrence is to point out that the reasoning of Malik itself
does not extend its principles into the realm of factual sufficiency and, indeed,
appears to run contrary to that notion.