

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00721-CR

Jimmy James **BRITE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1419
Honorable Andrew Carruthers, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice
    Jason Pulliam, Justice

Delivered and Filed:  November 2, 2016

AFFIRMED

Jimmy James Brite was convicted by a jury of aggravated sexual assault and sentenced to twenty-eight years' imprisonment.  The sole issue Brite presents on appeal is whether the trial court abused its discretion in denying his request to include an instruction in the jury charge on the lesser offense of assault by threat.  We affirm the trial court's judgment.

---

[1] The Honorable Ray Olivarri presided at the guilt-innocence phase of the trial.

## TWO-STEP ANALYSIS GOVERNING INCLUSION OF LESSER-INCLUDED OFFENSE

A two-step analysis is applied to determine whether an instruction on a lesser-included offense should be given to a jury. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). "The first step of the analysis is a question of law that does not depend on the evidence." *Id*. In this step, we compare the elements of the offense as alleged in the indictment with the elements of the requested lesser offense. *Id*. An offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). To determine if an offense qualifies as a lesser-included offense, we use the cognate pleadings approach which means "the elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment." *Meru*, 414 S.W.3d at 162. We also apply the functional-equivalence concept and examine the elements of the lesser offense and decide whether they are functionally the same or less than those required to prove the charged offense. *Id*. (internal quotations omitted).

If we determine the requested lesser offense is a lesser-included offense in the first step of the analysis, we then "move to the second step of the test and consider whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Id*. at 162-63. "This is a fact determination and is based on the evidence presented at trial." *Id*. at 163.

## WHETHER REQUESTED OFFENSE IS A LESSER-INCLUDED OFFENSE

The indictment charged Brite with aggravated sexual assault by intentionally and knowingly causing the penetration of the sexual organ of the complainant by his sexual organ, "said act having been committed without the consent of the complainant, in that [Brite] COMPELLED THE COMPLAINANT TO SUBMIT AND PARTICIPATE BY THE USE OF PHYSICAL FORCE AND VIOLENCE, and [Brite] did by acts or words place [the complainant]

in fear that DEATH would be imminently inflicted on COMPLAINANT." During the charge conference, Brite requested an instruction on the lesser offense of assault by threat. A person commits the offense of assault by threat if the person "intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(2) (West Supp. 2016).

In his brief, Brite's argument centers on the allegation in the indictment that Brite placed the complainant in fear that death would be imminently inflicted on her. Brite contends that because a threat of death cannot occur without a threat of imminent bodily injury, the two are functionally equivalent.

The problem with Brite's argument is the premise that placing the complainant in fear of imminent death is the functional equivalent of threatening the complainant with imminent bodily injury. Placing someone in fear of death or imminent bodily injury differs from threatening another with imminent bodily injury. *Williams v. State*, 827 S.W.2d 614, 616 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *see also Cooper v. State*, 430 S.W.3d 426, 433-34 (Tex. Crim. App. 2014) (Keller, P.J., concurring) (noting *Williams*' construction of this issue "appears to be the unanimous view of the courts of appeals that have addressed the issue" and the "view appears to be well-taken");[2] *Mesquiti v. State*, No. 04-03-00911-CR, 2005 WL 16192, at *1 (Tex. App.—San Antonio Jan. 5, 2005, no pet.) (following *Williams*) (mem. op., not designated for publication). "The

---

[2] Comparing the element of the offense of robbery which contains the phrase "places . . . in fear of" and the offense of assault which requires a threat, Presiding Judge Keller further explained:

> The theft aspect of robbery creates a situation in which fear is more likely to occur, even in the absence of an actual threat. A person who has a gun in a holster, gives the store clerk a menacing glance intended to place the clerk in fear of death, and says, "Give me your money," has committed a robbery even if an actual threat has not been conveyed. Likewise, a robber could threaten one individual in a store while knowing that others present will have heard the threat. The robber may not have threatened these other individuals, but if he knew the others would be placed in fear, then he has (*à la Hawkins*) committed a robbery against them.

430 S.W.3d at 434.

general, passive requirement that another be 'placed in fear' cannot be equated with the specific, active requirement that the actor 'threaten another with imminent bodily injury.'" *Williams*, 827 S.W.2d at 616. Under the "placed in fear" language, "the factfinder may conclude that an individual perceived fear or was 'placed in fear,' in circumstances where no actual threats were conveyed by the accused." *Id.*; *see also Cooper*, 430 S.W.3d at 434.

In support of his position, Brite cites *Smith v. State*, 135 S.W.3d 259 (Tex. App.—Texarkana 2004, no pet.). In *Smith*, however, the defendant was charged with the offense of attempted sexual assault and the indictment alleged the defendant "did then and there by acts or words ***threaten*** to cause, or place [the complainant] in fear that bodily injury would be imminently inflicted." 135 S.W.3d at 260-61 (emphasis added). The inclusion of the word "threaten" in the indictment in *Smith* makes that decision readily distinguishable from the instant case. *See Howard v. State*, 306 S.W.3d 407, 410-11 (Tex. App.—Texarkana 2010) (following *Williams* and noting individual may be placed in fear where no actual threats are conveyed), *aff'd*, 333 S.W.3d 137 (Tex. Crim. App. 2011).

Because placing a complainant in fear of imminent death or bodily injury is not the functional equivalent of threatening the complainant with imminent bodily injury, the trial court did not err in denying Brite's request for a lesser offense instruction. Brite's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH