ATKINSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-285-CR

JIMMIE ATKINSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Jimmie Atkinson was charged by indictment with the felony offense of aggravated assault with a deadly weapon.  The indictment contained two prior felony convictions that enhanced the punishment for this offense.  On appellant’s plea of not guilty, a jury returned a verdict of guilty and assessed his punishment at forty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant timely appealed, asserting charge error in failing to instruct on the lesser included offense of assault causing bodily injury.  We affirm.

Brief Factual Background

The evidence showed that at 3:00 a.m. on January 28, 2003, appellant went to Sindy Mier’s home and began knocking on windows trying to get Sindy to come out.  She and appellant had been friends, and he was also her neighbor.  She told appellant to leave; he did for awhile but later returned, knocking on different windows and screaming at her to come out.  Because he was screaming even more loudly, Sindy went to get her mother, Maria, and her stepfather, Josea.  Appellant then went to the front porch, knocking even louder on the front door.  This woke Josea’s brother, Miguel, as well as Miguel’s wife and four children, who were all there visiting.  Again, Sindy told appellant to leave, at which point he started screaming and cursing.  Miguel began holding the front door to keep appellant out because appellant had already broken some of the glass around the door while trying to kick the door in.  No one in the home had a phone, so they could not call the police.  Josea went out the back door, grabbed a small piece of wood for protection, and confronted appellant near the front door.  Appellant swung a machete at Josea, knocking the wood Josea was holding out of his hand.  Appellant swung at Josea again and struck his hand, causing it to bleed and preventing Josea from being able to make a fist.  At that point, Miguel came out the front door to help his brother.  As they struggled, appellant hit Josea several times with the machete and Miguel once with the machete, but the two brothers eventually held appellant down until police arrived.  All three eventually went to hospitals. 

One of the first officers on the scene, Officer Ernie Pate, testified that when he arrived, two men were holding the appellant down; one had a cut on his hand, and the other had a laceration to his forearm.  Appellant had a laceration on his head.  All three were bleeding.  Officer Pate testified that he saw the machete nearby and that it was capable of causing serious bodily injury or death.

Another officer, Officer Jeffrey Dunn, obtained a written statement from appellant.  In the statement, appellant admitted that he had been drinking and that he was knocking on the door with the machete in his hand, but he denied being there to hurt anyone.  He said that he had the machete there only because he had used it to trim some limbs where he parks his semi-trailer truck.  He surmised that the brothers were probably cut when they were trying to take the machete away from him.  

Issue Presented

In one issue, appellant contends that the trial court erred in failing to grant his requested instruction on the lesser included offense of assault with bodily injury, a Class A misdemeanor offense.

Discussion

The charge given to the jury instructed,

Now, if you find from the evidence beyond a reasonable doubt that [appellant], in the County of Tarrant, State of Texas, on or about the 28th day of January, 2003, did intentionally or knowingly cause bodily injury to Miguel Garcia by cutting Miguel Garcia and [appellant] did use or exhibit a deadly weapon during the commission of the assault, to-wit:  a machete, that in the manner of its use or intended use was capable of causing death or serious bodily injury, then you will find [appellant] guilty of Aggravated Assault with a Deadly Weapon as charged in the indictment.

Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof you will acquit [appellant] of Aggravated Assault with a Deadly Weapon and say by your verdict “Not Guilty.”

Appellant asked for and received a charge on self defense:

[B]ut [if] you further find from the evidence, or have a reasonable doubt thereof, that [appellant] reasonably believed, as viewed from the standpoint of a reasonable and prudent person in the place of [appellant], that deadly force, when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force, if any, by the said Miguel Garcia; and that at such time a reasonable person in [appellant’s] situation would not have retreated, you will acquit [appellant] and say by your verdict not guilty. 

Appellant also asked the court to include the alternative charge on the lesser included offense of assault with bodily injury.  Specifically, appellant asked the court to include the following instruction:  “[T]hen next you will consider whether or not [appellant] did intentionally or knowingly cause bodily injury to Miguel Garcia by cutting Miguel Garcia.”

Appellant points to two sentences in his written statement as support for including the proffered language:  “I remember having a machete but I wasn’t [there] to hurt anyone with it.  I guess they got cut with it trying to take it away from me because I just had it to trim some limbs where I park my 18 wheeler.” 

The State counters that the evidence appellant points to in support of his argument for inclusion of the lesser included offense instruction is really a denial of having done anything that could have resulted in Miguel’s wounds.  Thus, the State contends, there is no evidence to support a charge that appellant intentionally or knowingly caused 
only
 bodily injury because the evidence appellant points to denies any intent of knowingly or intentionally causing 
any
 bodily injury.

However, the State confuses appellant’s point on appeal.  Appellant asserts that he was entitled to an instruction on the lesser included offense because there was insufficient evidence to support submission of the deadly weapon aggravating factor; that is, he contends that because a machete is not a deadly weapon per se, the State was required to show, but failed to show, that the machete, in the manner of its use or intended use, is capable of causing death or serious bodily injury.  
See
 
Tex. Penal Code Ann.
 § 22.02(a)(2) (Vernon Supp. 2004-05).  Appellant says that because there is a lack of evidence showing how the machete was used or intended to be used as well as a paucity of evidence regarding the extent of Miguel’s injuries, the court should have given the lesser included offense instruction.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis. 
 
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); 
Rousseau v. State
, 855 S.W.2d 666, 672 (Tex. Crim. App.), 
cert. denied, 
510 U.S. 919 (1993).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.

A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in article 37.09.  
See Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, then the jury should be charged on the lesser included offense.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

Under section 22.02(a)(2) of the penal code and under the State’s theory of the case, a person commits an aggravated assault if he uses or exhibits a deadly weapon during the commission of the assault.  
Tex. Penal Code Ann.
 § 22.02(a)(2).  Since a machete is not a deadly weapon per se under section 1.07(a) of the code, the State was required to show that it was a deadly weapon by showing it was something that 
in the manner of its use or intended use was capable of causing death or serious bodily injury under the charge to the jury.  Id
. § 1.07(a)(17)(A), (B) 
(Vernon Supp. 2004-05)
. 

In light of the charge given and the statutory definitions of aggravated assault with a deadly weapon, the requested charge is within the proof necessary to establish the offense charged.  
See Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).  Appellant’s challenge goes directly to the aggravating factor of this particular assault charge: the deadly weapon charge.  That is, because appellant is challenging the evidence to support the manner in which the weapon was allegedly used or intended to be used, and not the other elements of an aggravated assault, the proof required to prove the greater is necessarily included within the lesser.  
Compare 
Tex. Penal Code Ann.
 § 22.01(a) 
with. § 
22.02(a)(2)
.
  Thus, appellant has met the first prong of the 
Rousseau/Moore 
test.  However, as the State has pointed out, a jury charge on a lesser offense is not always warranted “merely because a lesser offense is included within the proof of a greater offense.“ 
 Bell v. State
, 693 S.W.2d 434, 439 (Tex. Crim. App. 1985).  A defendant must also show that the record contains some evidence supporting the proposition that the defendant is guilty 
only
 of the lesser offense.  
Royster
, 622 S.W.2d at 446. 

As noted by the State, under the State’s theory of the case and the charge as given, it was not required to show that Miguel actually suffered serious bodily injury or death, only that appellant had caused Miguel bodily injury and had used a weapon that in the manner of its use or intended use was capable of causing death or serious bodily injury.  A review of appellant’s own statements as well as other testimony supports the court’s ruling.

Josea’s testimony shows that he thought he needed something to protect himself from appellant when he went outside, so he grabbed a small stick.  Appellant was screaming and cussing at them.  Appellant readily struck at Josea, knocking the small piece of wood out of his hand with the machete and breaking it.  Then, appellant started swinging the machete at Josea, striking Josea in the hand.  Appellant swung the machete at Josea several times.  With the first strike of the machete, appellant sliced open Josea’s palm, and it bled enough to require bandaging.  The wound on Josea’s palm left a scar that was visible to the jury even at the time of trial.  He still does not have full use of his hand because he cannot close it completely.  After he was struck, he was unable to close his fist due to the injury.  Despite Josea’s injury, appellant kept trying to strike him again with the machete.  At least one of the blows struck Josea in the head, apparently cutting some of his “veins.”  Once Josea and his brother, Miguel, got appellant on the ground, Josea’s hand was bleeding enough that he dripped blood on appellant.  Also, there was blood on the front porch, outside the railing, and on the ground.

Josea also testified to appellant’s striking Miguel when Miguel came out of the house to help Josea after appellant wounded Josea’s hand with the machete.  Apparently, Miguel was trying to protect Josea from appellant’s swinging the machete at his brother.  Josea said that there was a lot of bleeding that night and that he could see his brother bleeding too.  Miguel went to the hospital and had to get stitches in his arm.

Sindy testified that appellant scared her when he came back and that he kept getting louder and louder.  Appellant’s knocking or kicking on the front door scared everyone in the house.  She kept telling him to leave, but he kept knocking and kicking at the door, and then he started cursing.  When her stepfather went outside, she drove to her brother’s house to use the phone and call the police.  She heard someone scream that appellant had a machete in his hand.  Everyone in the house was scared by appellant’s screaming for Sindy to come out while he was holding the machete.

Although the victims named in the indictment, Miguel, did not testify, his brother testified to the wound in Miguel’s forearm from appellant’s machete, and Miguel’s medical records were also admitted.  Additionally, Officer Pate testified that he saw the machete at the scene when he arrived and that the machete could cause death or serious bodily injury.  The machete was also entered into evidence along with multiple photographs of the crime scene and pieces of wood that Josea and Miguel might have used in defending themselves.  
Further, as Josea testified, it is unusual for any of his neighbors to trim branches or do yard work at 3:00 a.m.

Lastly, appellant admits that he had a machete with him on the night of the assault.  He admits that he took it with him when he went to Sindy’s house at 3:00 a.m. and tried to get Sindy to come out.  However, he claims that he had it for a different purpose: “[T]o trim some limbs where I park my 18 wheeler.”  The evidence showed that his truck was already parked at the end of the street near his house, not in front of Sindy’s house, and that it was unlikely that he would be trimming anything at 3:00 in the morning.  He also concedes that the machete could “cut” someone and probably did “cut” someone:  the brothers who tried to take it away from him.

A defendant’s own testimony that he committed no offense, or testimony that otherwise shows that no offense occurred, is not adequate to raise the issue of a lesser included offense.  
Lofton v. State
, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).  There must be some evidence that if a defendant is guilty, he is guilty only of the lesser included offense.  
Id.; see also Wesbrook v. State, 
29 SW.3d 103, 113 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001);
 Arevalo v. State, 
943 S.W.2d 887, 889-90 (Tex. Crim. App. 1997).  There must be some evidence directly germane to the lesser included offense for the fact finder to consider before the instruction is warranted.  
Hampton v. State
, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).

Even without looking to the credibility of appellant’s testimony,  appellant’s testimony might refute 
his intended use of the machete
, but it fails to refute all the other testimony showing that the 
manner of the machete’s use 
was capable of causing serious bodily injury or death.  Thus, we cannot say that there is some evidence that would have permitted a rational jury to find that the defendant is guilty 
only
 of the lesser included offense of assault without the deadly weapon finding.  We conclude that more than sufficient evidence was presented to show that the machete, in its manner of use, could cause death or serious bodily injury.  Therefore, we conclude that appellant was not entitled to an instruction on the lesser included offense of assault and that the trial court did not err in refusing to grant his requested charge.  We overrule appellant’s sole point.

Conclusion

Having overruled appellant’s sole point on appeal, we affirm the judgment of the trial court.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 23, 2005