COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-285-CR
  
  
JIMMIE 
ATKINSON                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Jimmie Atkinson was charged by indictment with the felony offense of aggravated 
assault with a deadly weapon. The indictment contained two prior felony 
convictions that enhanced the punishment for this offense. On appellant’s plea 
of not guilty, a jury returned a verdict of guilty and assessed his punishment 
at forty years’ confinement in the Institutional Division of the Texas 
Department of Criminal Justice. Appellant timely appealed, asserting charge 
error in failing to instruct on the lesser included offense of assault causing 
bodily injury. We affirm.
Brief Factual Background
        The 
evidence showed that at 3:00 a.m. on January 28, 2003, appellant went to Sindy 
Mier’s home and began knocking on windows trying to get Sindy to come out. She 
and appellant had been friends, and he was also her neighbor. She told appellant 
to leave; he did for awhile but later returned, knocking on different windows 
and screaming at her to come out. Because he was screaming even more loudly, 
Sindy went to get her mother, Maria, and her stepfather, Josea. Appellant then 
went to the front porch, knocking even louder on the front door. This woke 
Josea’s brother, Miguel, as well as Miguel’s wife and four children, who 
were all there visiting. Again, Sindy told appellant to leave, at which point he 
started screaming and cursing. Miguel began holding the front door to keep 
appellant out because appellant had already broken some of the glass around the 
door while trying to kick the door in. No one in the home had a phone, so they 
could not call the police. Josea went out the back door, grabbed a small piece 
of wood for protection, and confronted appellant near the front door. Appellant 
swung a machete at Josea, knocking the wood Josea was holding out of his hand. 
Appellant swung at Josea again and struck his hand, causing it to bleed and 
preventing Josea from being able to make a fist. At that point, Miguel came out 
the front door to help his brother. As they struggled, appellant hit Josea 
several times with the machete and Miguel once with the machete, but the two 
brothers eventually held appellant down until police arrived. All three 
eventually went to hospitals.
        One 
of the first officers on the scene, Officer Ernie Pate, testified that when he 
arrived, two men were holding the appellant down; one had a cut on his hand, and 
the other had a laceration to his forearm. Appellant had a laceration on his 
head. All three were bleeding. Officer Pate testified that he saw the machete 
nearby and that it was capable of causing serious bodily injury or death.
        Another 
officer, Officer Jeffrey Dunn, obtained a written statement from appellant. In 
the statement, appellant admitted that he had been drinking and that he was 
knocking on the door with the machete in his hand, but he denied being there to 
hurt anyone. He said that he had the machete there only because he had used it 
to trim some limbs where he parks his semi-trailer truck. He surmised that the 
brothers were probably cut when they were trying to take the machete away from 
him.
Issue Presented
        In 
one issue, appellant contends that the trial court erred in failing to grant his 
requested instruction on the lesser included offense of assault with bodily 
injury, a Class A misdemeanor offense.
Discussion
        The 
charge given to the jury instructed,
   
Now, if you find from the evidence beyond a reasonable doubt that [appellant], 
in the County of Tarrant, State of Texas, on or about the 28th day of January, 
2003, did intentionally or knowingly cause bodily injury to Miguel Garcia by 
cutting Miguel Garcia and [appellant] did use or exhibit a deadly weapon during 
the commission of the assault, to-wit: a machete, that in the manner of its use 
or intended use was capable of causing death or serious bodily injury, then you 
will find [appellant] guilty of Aggravated Assault with a Deadly Weapon as 
charged in the indictment.
 
Unless you so find and believe from the evidence beyond a reasonable doubt, or 
if you have a reasonable doubt thereof you will acquit [appellant] of Aggravated 
Assault with a Deadly Weapon and say by your verdict “Not Guilty.”
 
 
        Appellant 
asked for and received a charge on self defense:
   
[B]ut [if] you further find from the evidence, or have a reasonable doubt 
thereof, that [appellant] reasonably believed, as viewed from the standpoint of 
a reasonable and prudent person in the place of [appellant], that deadly force, 
when and to the degree used, if it was, was immediately necessary to protect 
himself against the use or attempted use of unlawful deadly force, if any, by 
the said Miguel Garcia; and that at such time a reasonable person in 
[appellant’s] situation would not have retreated, you will acquit [appellant] 
and say by your verdict not guilty.
 
 
Appellant 
also asked the court to include the alternative charge on the lesser included 
offense of assault with bodily injury. Specifically, appellant asked the court 
to include the following instruction: “[T]hen next you will consider whether 
or not [appellant] did intentionally or knowingly cause bodily injury to Miguel 
Garcia by cutting Miguel Garcia.”
        Appellant 
points to two sentences in his written statement as support for including the 
proffered language: “I remember having a machete but I wasn’t [there] to 
hurt anyone with it. I guess they got cut with it trying to take it away from me 
because I just had it to trim some limbs where I park my 18 wheeler.”
        The 
State counters that the evidence appellant points to in support of his argument 
for inclusion of the lesser included offense instruction is really a denial of 
having done anything that could have resulted in Miguel’s wounds. Thus, the 
State contends, there is no evidence to support a charge that appellant 
intentionally or knowingly caused only bodily injury because the evidence 
appellant points to denies any intent of knowingly or intentionally causing any 
bodily injury.
        However, 
the State confuses appellant’s point on appeal. Appellant asserts that he was 
entitled to an instruction on the lesser included offense because there was 
insufficient evidence to support submission of the deadly weapon aggravating 
factor; that is, he contends that because a machete is not a deadly weapon per 
se, the State was required to show, but failed to show, that the machete, in the 
manner of its use or intended use, is capable of causing death or serious bodily 
injury. See Tex. Penal Code Ann. 
§ 22.02(a)(2) (Vernon Supp. 2004-05). Appellant says that because there is a 
lack of evidence showing how the machete was used or intended to be used as well 
as a paucity of evidence regarding the extent of Miguel’s injuries, the court 
should have given the lesser included offense instruction.
        To 
determine whether a jury must be charged on a lesser included offense, we apply 
a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 
1998); Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App.), cert. 
denied, 510 U.S. 919 (1993). The first step is to decide whether the offense 
is a “lesser included offense” as defined in article 37.09 of the code of 
criminal procedure. Tex. Code Crim. Proc. 
Ann. art. 37.09 (Vernon 1981); Moore, 969 S.W.2d at 8.
        A 
lesser included offense is defined both in terms of the offense charged and the 
facts of the case: “An offense is a lesser included offense if . . . it is 
established by proof of the same or less than all the facts required to 
establish the commission of the offense charged.” Tex. Code Crim. Proc. Ann. art. 
37.09(1). Therefore, our analysis of whether an offense is a lesser included 
offense of the charged offense must be made on a case-by-case basis. Bartholomew 
v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v. State, 
532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g). It does not matter 
if the charged offense can be established on a theory that does not contain the 
lesser offense; the issue is whether the State, when presenting its case to 
prove the offense charged, also includes proof of the lesser included offense as 
defined in article 37.09. See Bartholomew, 871 S.W.2d at 212; Broussard 
v. State, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).
        The 
second step requires an evaluation of the evidence to determine whether there is 
some evidence that would permit a rational jury to find that the defendant is 
guilty only of the lesser offense, and not of the greater. Feldman v. State, 
71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969 S.W.2d at 8. The 
evidence must be evaluated in the context of the entire record. Moore, 
969 S.W.2d at 8. There must be some evidence from which a rational jury could 
acquit the defendant of the greater offense while convicting him of the lesser 
included offense. Id. The court may not consider whether the evidence is 
credible, controverted, or in conflict with other evidence. Id. If there 
is evidence from any source that negates or refutes the element establishing the 
greater offense, or if the evidence is so weak that it is subject to more than 
one reasonable inference regarding the aggravating element, then the jury should 
be charged on the lesser included offense. See Schweinle v. State, 915 
S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d 390, 
391-92 (Tex. Crim. App. 1992).
        Under 
section 22.02(a)(2) of the penal code and under the State’s theory of the 
case, a person commits an aggravated assault if he uses or exhibits a deadly 
weapon during the commission of the assault. Tex. Penal Code Ann. § 22.02(a)(2). 
Since a machete is not a deadly weapon per se under section 1.07(a) of the code, 
the State was required to show that it was a deadly weapon by showing it was 
something that in the manner of its use or intended use was capable of 
causing death or serious bodily injury under the charge to the jury. Id. § 
1.07(a)(17)(A), (B) (Vernon Supp. 2004-05).
        In 
light of the charge given and the statutory definitions of aggravated assault 
with a deadly weapon, the requested charge is within the proof necessary to 
establish the offense charged. See Royster v. State, 622 S.W.2d 442, 446 
(Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g). Appellant’s challenge 
goes directly to the aggravating factor of this particular assault charge: the 
deadly weapon charge. That is, because appellant is challenging the evidence to 
support the manner in which the weapon was allegedly used or intended to be 
used, and not the other elements of an aggravated assault, the proof required to 
prove the greater is necessarily included within the lesser. Compare Tex. Penal Code Ann. § 22.01(a) with 
§ 22.02(a)(2). Thus, appellant has met the first prong of the Rousseau/Moore 
test. However, as the State has pointed out, a jury charge on a lesser offense 
is not always warranted “merely because a lesser offense is included within 
the proof of a greater offense.“ Bell v. State, 693 S.W.2d 434, 439 
(Tex. Crim. App. 1985). A defendant must also show that the record contains some 
evidence supporting the proposition that the defendant is guilty only of 
the lesser offense. Royster, 622 S.W.2d at 446.
        As 
noted by the State, under the State’s theory of the case and the charge as 
given, it was not required to show that Miguel actually suffered serious bodily 
injury or death, only that appellant had caused Miguel bodily injury and had 
used a weapon that in the manner of its use or intended use was capable of 
causing death or serious bodily injury. A review of appellant’s own statements 
as well as other testimony supports the court’s ruling.
        Josea’s 
testimony shows that he thought he needed something to protect himself from 
appellant when he went outside, so he grabbed a small stick. Appellant was 
screaming and cussing at them. Appellant readily struck at Josea, knocking the 
small piece of wood out of his hand with the machete and breaking it. Then, 
appellant started swinging the machete at Josea, striking Josea in the hand. 
Appellant swung the machete at Josea several times. With the first strike of the 
machete, appellant sliced open Josea’s palm, and it bled enough to require 
bandaging. The wound on Josea’s palm left a scar that was visible to the jury 
even at the time of trial. He still does not have full use of his hand because 
he cannot close it completely. After he was struck, he was unable to close his 
fist due to the injury. Despite Josea’s injury, appellant kept trying to 
strike him again with the machete. At least one of the blows struck Josea in the 
head, apparently cutting some of his “veins.” Once Josea and his brother, 
Miguel, got appellant on the ground, Josea’s hand was bleeding enough that he 
dripped blood on appellant. Also, there was blood on the front porch, outside 
the railing, and on the ground.
        Josea 
also testified to appellant’s striking Miguel when Miguel came out of the 
house to help Josea after appellant wounded Josea’s hand with the machete. 
Apparently, Miguel was trying to protect Josea from appellant’s swinging the 
machete at his brother. Josea said that there was a lot of bleeding that night 
and that he could see his brother bleeding too. Miguel went to the hospital and 
had to get stitches in his arm.
        Sindy 
testified that appellant scared her when he came back and that he kept getting 
louder and louder. Appellant’s knocking or kicking on the front door scared 
everyone in the house. She kept telling him to leave, but he kept knocking and 
kicking at the door, and then he started cursing. When her stepfather went 
outside, she drove to her brother’s house to use the phone and call the 
police. She heard someone scream that appellant had a machete in his hand. 
Everyone in the house was scared by appellant’s screaming for Sindy to come 
out while he was holding the machete.
        Although 
the victims named in the indictment, Miguel, did not testify, his brother 
testified to the wound in Miguel’s forearm from appellant’s machete, and 
Miguel’s medical records were also admitted. Additionally, Officer Pate 
testified that he saw the machete at the scene when he arrived and that the 
machete could cause death or serious bodily injury. The machete was also entered 
into evidence along with multiple photographs of the crime scene and pieces of 
wood that Josea and Miguel might have used in defending themselves. Further, as 
Josea testified, it is unusual for any of his neighbors to trim branches or do 
yard work at 3:00 a.m.
        Lastly, 
appellant admits that he had a machete with him on the night of the assault. He 
admits that he took it with him when he went to Sindy’s house at 3:00 a.m. and 
tried to get Sindy to come out. However, he claims that he had it for a 
different purpose: “[T]o trim some limbs where I park my 18 wheeler.” The 
evidence showed that his truck was already parked at the end of the street near 
his house, not in front of Sindy’s house, and that it was unlikely that he 
would be trimming anything at 3:00 in the morning. He also concedes that the 
machete could “cut” someone and probably did “cut” someone: the brothers 
who tried to take it away from him.
        A 
defendant’s own testimony that he committed no offense, or testimony that 
otherwise shows that no offense occurred, is not adequate to raise the issue of 
a lesser included offense. Lofton v. State, 45 S.W.3d 649, 652 (Tex. 
Crim. App. 2001). There must be some evidence that if a defendant is guilty, he 
is guilty only of the lesser included offense. Id.; see also Wesbrook v. 
State, 29 SW.3d 103, 113 (Tex. Crim. App. 2000), cert. denied, 532 
U.S. 944 (2001); Arevalo v. State, 943 S.W.2d 887, 889-90 (Tex. Crim. 
App. 1997). There must be some evidence directly germane to the lesser included 
offense for the fact finder to consider before the instruction is warranted. Hampton 
v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).
        Even 
without looking to the credibility of appellant’s testimony, appellant’s 
testimony might refute his intended use of the machete, but it fails to 
refute all the other testimony showing that the manner of the machete’s use 
was capable of causing serious bodily injury or death. Thus, we cannot say that 
there is some evidence that would have permitted a rational jury to find that 
the defendant is guilty only of the lesser included offense of assault 
without the deadly weapon finding. We conclude that more than sufficient 
evidence was presented to show that the machete, in its manner of use, could 
cause death or serious bodily injury. Therefore, we conclude that appellant was 
not entitled to an instruction on the lesser included offense of assault and 
that the trial court did not err in refusing to grant his requested charge. We 
overrule appellant’s sole point.
Conclusion
        Having 
overruled appellant’s sole point on appeal, we affirm the judgment of the 
trial court.
    
    
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 23, 2005